Michael E. Piston
Alexander Vernon
Attorneys for Plaintiff
Piston & Carpenter P.C.
4000 Livernois, Suite 110
Troy, MI 48098
248-524-1936

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

UDAY SANKAR NORI
4158 Landhigh Lake Drive
Powell, OH 43065
740-881-9302,

   Plaintiff,

  vs.

MICHAEL CHERTOFF, Secretary of
Homeland Security
Department of Homeland Security
Washington, D.C. 20528,
EMILIO T. GONZALEZ, Director of the
United States Citizenship and
Immigration Services
20 Massachusetts Avenue, N.W.
Washington, D.C. 20529
202-272-1000,
ROBERT P. WIEMANN, Chief of the
Administrative Appeals Office of the
United States Citizenship and
Immigration Services
20 Massachusetts Avenue, N.W.
Room 3000
Washington, D.C. 20529
202-272-1212,

Case No.:

COMPLAINT

COMPLAINT - 1

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

1

2  and DAVID ROARK, Director of the
   Texas Service Center of the United
3  States Citizenship and Immigration
   Services
4  4141 St. Augustine
5  Dallas, TX  75227,

6
         Defendants.
7

8

9              **COMPLAINT**

10

11         **DESCRIPTION OF ACTION**

12

13  1.    This complaint is brought by plaintiff UDAY NORI against the

14
   Defendants to compel a decision on his appeal to the United States
15

16  Citizenship and Immigration Services ("USCIS")'s  Administrative

17  Appeals Office ("AAO") of the revocation of the approval of his

18
   petition for immigrant worker, File No. SRC-02-040-54594.
19

20

21         **DESCRIPTION OF PARTIES**

22

23  2.    The plaintiff Uday Nori, M.B.B.S.  ("Dr. Nori"), is a citizen of

24

25  India lawfully residing in the State of Ohio as an "alien of

COMPLAINT - 2

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

extraordinary ability" under Section 101(a)(15)(0) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. § 1101(a)(15)(0).

3.   The defendant, MICHAEL CHERTOFF, is the Secretary of Homeland Security, an agency of the United States Government, and a resident of the District of Columbia.

4.   The defendant EMILIO T. GONZALEZ is the director of the United States Citizenship & Immigration Services, an agency of the United States Government, and a resident of the District of Columbia.

5.   The defendant, Robert Wiemann, is the Chief of USCIS's Administrative Appeals Office, an officer of the United States government, and a resident of the District of Colombia.

6.   The Defendant, David Roark (the "TSC Director") is the Director of the Texas Service Center of the United States Citizenship and Immigration Services, an officer of the United States government, and a resident of the State of Texas.

**JURISDICTION**

7.   Jurisdiction in this case is proper under the Administrative Procedure Act, 5 U.S.C. § 706(1), the Federal Question statute, 28

COMPLAINT - 3

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

U.S.C. § 1331 and the Mandamus Act, 28 U.S.C. § 1361. Relief is requested pursuant to said statutes.

## VENUE

8.    Venue is proper in this court, pursuant to 28 U.S.C § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the Defendants CHERTOFF, GONZALEZ and WEIMANN reside.

## CAUSE OF ACTION

9.    On October 5, 2005, the TSC director revoked his approval of Dr. Nori's petition for immigrant worker (form I-140) to be classified as an alien who is a member of the professions holding an advanced degree under § 203(b)(2) of the Immigration and Nationality Act, 8 U.S.C. §1153(b)(2). (See Exhibit A).

10.    The decision of the TSC director revoking the approval of this petition indicates that he intentionally refused to serve a copy of that notice of revocation order upon Theodore Sherman, who had

COMPLAINT - 4

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

been representing Dr. Nori in connection with the petition, contrary

to the express requirements of 8 C.F.R. § 292.5(a).

> ("Whenever a person is required by any of the provisions of
> this chapter to give or be given notice; to serve or be served
> with any paper other than a warrant of arrest or a subpoena;
> to make a motion; to file or submit an application or other
> document; or to perform or waive the performance of any act,
> such notice, service, motion, filing, submission, performance,
> or waiver shall be given by or to, served by or upon, made by,
> or requested of the attorney or representative of record, ...").

11.    The TSC director similarly failed to serve a copy of the notice

on Michael E. Piston, who had also entered an appearance as Dr.

Nori's attorney in connection with this petition. (See Exhibit B).

12.    The TSC director mailed a copy of the revocation notice to Dr.

Nori at 14603 Strauss Dr. Apt 2514, Carmel, IN 46032 even though

Dr. Nori had notified the director, well before the notice was issued,

that he had moved to 539 Under Brook Court, Westerville OH. (See

Exhibits A & C).

13.    Consequently, neither Dr. Nori nor any of his attorneys

received a copy of the notice of revocation until February 7, 2006,

when it was faxed to attorney Michael E. Piston's office by an aide

to U.S. Senator Carl Levin. (See Exhibits B, C & D).

COMPLAINT - 5

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

14.    On February 21, 2006, just 14 days after his attorney first

received a copy of the notice of revocation of his I-140, Dr. Nori filed

a notice of appeal of the revocation decision to the AAO. (see Exhibit

E).

15.    On May 18, 2006, defendant Robert Wiemann, Chief of the

AAO, rejected Dr. Nori's appeal of the revocation of immigrant

petition, because it was deemed to be untimely, since it was filed

over 4 months after the revocation was issued. (See Exhibit F).

16.    Defendant Robert Wiemann's decision to reject Dr. Nori's

appeal of the revocation of the approval of his petition for immigrant

worker to the AAO on the ground that it was untimely, in that it

was filed more than 4 months after the revocation is occurred, was

patently not in accordance with USCIS regulations.

17.    8 C.F.R. § 205.2(d) provides that "The petitioner or self-

petitioner may appeal the decision to revoke the approval within 15

days after the service of notice of the revocation" upon Dr. Nori, not

the issuance of the revocation notice.

COMPLAINT - 6

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

18.   Mr. Wiemann admitted in his decision that "the director has never issued any relevant notices to the petitioner himself or his counsel," and "the director has arguably never served the notice of denial." (See Exhibit F).

19.   Therefore the time for taking an appeal of the revocation decision has never expired and the decision to reject Dr. Nori's appeal on the ground it is untimely is manifestly not in accordance with the law.

20.   However, Mr. Wiemann, recognizing that the TSC director had improperly failed to send a copy of the notice of revocation to either of Dr. Nori's attorneys, nor to Dr. Nori at his current address, instructed the TSC director to reissue the notice of revocation to provide Dr. Nori with the opportunity to file a timely appeal. (See Exhibit F).

21.   Specifically, Mr. Wiemann admitted that:

"... the director has never issued any relevant notices to the petitioner himself or his counsel. The regulation at 8 C.F.R. § 10.3 5a(a)(l) defines "routine service" as mailing a copy by ordinary mail addressed to a person at his last known address. The regulation at 8 C F.R § 103 5a(b) states that

COMPLAINT - 7

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

service by mail is complete upon mailing. Here, because the director addressed the notice of revocation to the petitioner at an old address and did not send a copy to counsel as required by 8 C.F.R. § 292.5(a), the director has arguably never served the notice of denial. Thus, the self-petitioning alien has never had the opportunity to file a timely appeal. The director must reissue the denial notice in order to give the actual petitioner that opportunity." Id.

22.    On June 3, 2006, the then Texas Service Center Director, Evelyn M. Upchurch, issued a second notice of the revocation of the approval of Dr. Nori's said petition for immigrant worker. (See Exhibit G).

23.    On June 16, 2006 plaintiff filed a second appeal of that revocation with the Texas Service Center for transmission to the Administrative Appeals Office. (See Exhibit H).

24.    However, the Texas Service Center has never forwarded this notice of appeal to the AAO. (See Exhibit I).

25.    As of January 9, 2007 the Administrative Appeals Office was taking 9 months to decide petitions for immigrant worker based upon a national interest waiver of the labor certification requirement (see Exhibit J).

26.    This 9 months begins running when the AAO receives an

COMPLAINT - 8

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

1  appeal.

2  27.   Were it not for the errors and/or willful refusal of the
3
4  defendants to properly process plaintiff's appeals of the notice of

5  revocation of the approval of his petition, a decision on plaintiff's
6
   appeal should have been made by the AAO by approximately
7
8  September, 2006.

9  28.   However, due to the errors and/or willful refusal of the
10
   defendants to properly process plaintiff's repeated appeals, his
11
12 appeal will not even be decided by the AAO until May, 2008 at the
13 earliest, and that only if the TSC forwards his appeal to the AAO
14 immediately.

15 29.   The defendants owe plaintiff a duty to decide his appeal to the
16
17 AAO within a reasonable time.

18 30.   This Court has authority under 28 U.S.C. § 1361 to compel
19
20 an officer or employee of the United States to perform a duty owed
21 to plaintiff.

22 31.   Given that plaintiff's appeal of the revocation of the approval
23 of his petition for immigrant worked would have been decided
24
25 nearly a year ago were it not for the defendants' failure to comply

COMPLAINT - 9

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

with their own regulations, a reasonable time to decide plaintiff's appeal is 30 days.

32.   This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

33.   A decision on plaintiff's appeal has been both unlawfully withheld and unreasonably delayed by the actions of the defendants.

WHEREFORE it is respectfully requested that the Court order defendants MICHAEL CHERTOFF, Secretary of Homeland Security, EMILIO T. GONZALEZ, Director of the   United States Citizenship and Immigration Services,  DAVID ROARK, Director, Texas Service Center of the United States Citizenship  and Immigration Services to forward to the Administrative Appeals Office and adjudicate plaintiff Uday Nori's appeal of the revocation  of the approval his petition for immigrant worker in no more than 30 days from the date of the Court order, and take such other action as it deems appropriate.

COMPLAINT - 10

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

1

Respectfully submitted,

2

Dated this 5TH day of September, 2007

3

4

Michael E. Piston MI0002
Alexander Vernon
(admission pending)
Attorneys for Plaintiff
Piston & Carpenter P.C.
4000 Livernois Road, Ste. 110
Troy, MI 48098
(248)524-1936 telephone
(248)680-0627 facsimile
e-mail: michael@piston.net

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT - 11

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UDAY SANKAR NORI | MICHAEL CHERTOFF, Secretary, Dept. of Homeland Security, EMILIO T. GONZALES, Director, U.S.C.I.S., ROBERT WIEMANN, Director, Administrative Appeals Office, and DAVID ROARK Director, U S C.I.S.-Texas Service Center |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Delaware__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael E. Piston/Alexander G. Vernon
Piston & Carpenter P.C.
4000 Livernois, Suite 110
Troy, MI 48098
248-524-1936

ATTORNEYS (IF KNOWN)

United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
202-514-7566

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- O 1 U.S. Government Plaintiff
- O 3 Federal Question (U S Government Not a Party)
- ◉ 2 U.S. Government Defendant
- O 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

- O A. Antitrust
  - ☐ 410 Antitrust
- O B. Personal Injury/Malpractice
  - ☐ 310 Airplane
  - ☐ 315 Airplane Product Liability
  - ☐ 320 Assault, Libel & Slander
  - ☐ 330 Federal Employers Liability
  - ☐ 340 Marine
  - ☐ 345 Marine Product Liability
  - ☐ 350 Motor Vehicle
  - ☐ 355 Motor Vehicle Product Liability
  - ☐ 360 Other Personal Injury
  - ☐ 362 Medical Malpractice
  - ☐ 365 Product Liability
  - ☐ 368 Asbestos Product Liability
- ◉ C. Administrative Agency Review
  - ☐ 151 Medicare Act
  - Social Security:
  - ☐ 861 HIA ((1395ff)
  - ☐ 862 Black Lung (923)
  - ☐ 863 DIWC/DIWW (405(g)
  - ☐ 864 SSID Title XVI
  - ☐ 865 RSI (405(g)
  - Other Statutes
  - ☐ 891 Agricultural Acts
  - ☐ 892 Economic Stabilization Act
  - ☐ 893 Environmental Matters
  - ☐ 894 Energy Allocation Act
  - ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)
- O D. Temporary Restraining Order/Preliminary Injunction
  Any nature of suit from any category may be selected for this category of case assignment.
  *(If Antitrust, then A governs)*

O E. General Civil (Other)   OR   O F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** <br> ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** <br> ☐ **890 Other Statutory Actions** (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans** (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** <br> ☐ **720 Labor/Mgmt. Relations** <br> ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** <br> ☐ **740 Labor Railway Act** <br> ☐ **790 Other Labor Litigation** <br> ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** <br> ☐ **443 Housing/Accommodations** <br> ☐ **444 Welfare** <br> ☐ **440 Other Civil Rights** <br> ☐ **445 American w/Disabilities-Employment** <br> ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** <br> ☐ **120 Marine** <br> ☐ **130 Miller Act** <br> ☐ **140 Negotiable Instrument** <br> ☐ **150 Recovery of Overpayment & Enforcement of Judgment** <br> ☐ **153 Recovery of Overpayment of Veteran's Benefits** <br> ☐ **160 Stockholder's Suits** <br> ☐ **190 Other Contracts** <br> ☐ **195 Contract Product Liability** <br> ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting** (if Voting Rights Act) |

**V. ORIGIN**

◉ **1 Original Proceeding**  ○ **2 Removed from State Court**  ○ **3 Remanded from Appellate Court**  ○ **4 Reinstated or Reopened**  ○ **5 Transferred from another district** (specify)  ○ **6 Multi district Litigation**  ○ **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 U.S.C. § 706(1), 28 U.S.C. § 1331, and 28 U.S.C. § 1361. To compel a decision on an appeal to the U.S.C.I.S.'s Administrative Appeals Office

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)   YES ☐   NO ☒   If yes, please complete related case form

DATE  9/5/2007    SIGNATURE OF ATTORNEY OF RECORD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

1  Michael E. Piston
2  Alexander G. Vernon
   Attorneys for Plaintiff
3  Piston & Carpenter P.C.
   4000 Livernois, Suite 110
4  Troy, MI  48098
5  248-524-1936

6

7                  UNITED STATES DISTRICT COURT

8                  FOR THE DISTRICT OF COLUMBIA

9  UDAY SANKAR NORI,                    | Case No.:
                                        |
10           Plaintiff,                 | EXHIBIT LIST
                                        |
11       vs.                            |
                                        |
12  MICHAEL CHERTOFF, Secretary  of     |
    Homeland Security                   |
13  Department of Homeland Security,    |
14  EMILIO T. GONZALEZ, Director of the |
    United States Citizenship and       |
15  Immigration Services,  ROBERT P.    |
16  WIEMANN,  Chief of the              |
    Administrative Appeals Office of the |
17  United States Citizenship  and      |
18  Immigration Services, and DAVID     |
    ROARK, Director of the Texas Service |
19  Center of the United States         |
    Citizenship and Immigration Services, |
20                                      |
21           Defendants.                |

22
   ─────────────────────────────────────────────────────────
23

24                      **EXHIBIT LIST**

25

EXHIBIT LIST - 1

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

1

2    Exhibit A: "Notice of Revocation" issued to Uday S. Nori by Evelyn

3              M. Upchurch, Director, Texas Service Center, File No.

4              A95 246 268; SRC-02-040-54594, dated October 5,

5              2005.

6

7

8    Exhibit B: Affidavit of Michael E. Piston, dated February 17, 2006.

9

10   Exhibit C: Affidavit Uday Nori, dated February 16, 2006.

11

12   Exhibit D: Fax from the office of Senator Carl Levin to Sue

13              Alexandrowicz, dated February 7, 2006.

14

15   Exhibit E: Uday Nori's Notice of Appeal from the decision of the

16              Texas Service Center director of revoking his approved

17              national interest waiver petition, File No. A95 246 268;

18              SRC-02-040-54594, dated February 17, 2006.

19

20   Exhibit F: Decision, In the Matter of Uday Nori, File No. A 95 246

21              268; SRC-02-040-54594 (AAO May 18, 2006).

22

23

24   Exhibit G: "Notice of Revocation" issued to Uday S. Nori by Evelyn

25              M. Upchurch, Director, Texas Service Center, File No. A

EXHIBIT LIST - 2

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

1             95 246 268; SRC-02-040-54594, dated June 03, 2006.

2

3 Exhibit H: Uday Nori's Notice of Appeal from the decision of the

4             Texas Service Center director of revoking his approved

5             national interest waiver petition, File No. A 95 246 268;

6             SRC-02-040-54594, dated June 12, 2006.

7 Exhibit I: Results of Case Status Search **for** Receipt Number:

8             SRC0204054594 accessed online at

9             https://egov.uscis.gov/cris/caseStatusSearch.do on July

10             30, 2007.

11

12 Exhibit J: AAO processing times as of January 9, 2007.

13

14

15 Respectfully submitted,

16 Dated this 5ᵗʰ day of September 2007

17

18                      Michael E. Piston MI0002

19                      Alexander G. Vernon

20                      (Admission Pending)

                     Piston & Carpenter P.C.

21                      4000 Livernois Road, Ste. 110

22                      Troy, MI 48098

                     (248)524-1936 telephone

23                      (248)680-0627 facsimile

                     e-mail: michael@piston.net

24

25

EXHIBIT LIST - 3

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net



**U.S. Department of Homeland Security**
Citizenship and Immigration Services

*Texas Service Center*
*Post Office Box 850965*
*Mesquite, Texas 75185-0965*

A

DATE: October 5, 2005

TO:   Uday S. Nori
      14603 Strauss Dr
      Apt 2514
      Carmel, IN  46032

Petitioner: Self

Beneficiary: NORI, Uday

## NOTICE OF REVOCATION

IN THE MATTER OF:  Visa Petition EB-2, National Interest Waiver
                   Immigrant Petition
                   for Alien Worker        **FILE NO.: SRC0204054594**
                                           **A: A95246268**

**PLEASE TAKE NOTICE THAT THE FOLLOWING ACTION HAS BEEN TAKEN IN THE ABOVE ENTITLED MATTER:**

SEE ATTACHMENT

You may appeal this decision to the Administrative Appeals Office, if you wish, by completing the enclosed Form I-290B (Notice of Appeal to the Administrative Appeals Unit) and filing it with this office together with a $385.00 fee. Your Notice of Appeal must be filed within 15 days of this notice. A brief or other written statement in support of your appeal may be submitted with the Notice of Appeal. This decision is final if no appeal is filed within the time allowed.

Sincerely,

*Evelyn M. Upchurch*

Evelyn M. Upchurch, Director
Texas Service Center
EMU/256

## ATTACHMENT

Reference is made to the Immigrant Petition for Alien Worker (Form I-140) that the self-petitioner filed on behalf of himself.

The reasons for revocation were explained in the NOTICE OF INTENT TO REVOKE dated August 24, 2005. At that time the self-petitioner was given thirty (30) days to submit evidence in support of the petition.

To date, the self-petitioner has failed to provide persuasive documentary evidence to overcome the grounds for revocation.

As cited in the NOTICE OF INTENT TO REVOKE, *Form I-140 or 360 must be filed with the Service Center having jurisdiction over the intended place of employment.*

The Service finds that the Texas Service Center does not have jurisdiction in this proceeding and that pertinent information provided misled the Texas Service Center to accept jurisdictional review of the visa petition where the truth in this matter does not provide for Texas Service Center to have jurisdictional review. A visa petition in this matter must be filed under the jurisdiction of the Vermont Service Center or the Nebraska Service Center for review.

Equally, the record does not support a finding in opposition to the Service's finding of improper practices pursuant to 8 CFR Part 292 as cited in the NOTICE OF INTENT TO REVOKE. Representation on behalf of the self-petitioner will no longer be recognized in this proceeding.

In *Matter of Ho*, 19 I&N Dec. 582 (BIA 1988), it was determined that the director's realization that an error in judgment made in initially approving a visa petition may, in and of itself, be good and sufficient cause for revoking the approval, provided the revised opinion is supported by the record.

The alien's record(s) contains substantial evidence supporting this revocation decision, the original approval having overestimated eligibility, which was challenged by later-revealed evidence. *Tongatapu Woodcraft Hawaii, Ltd. v. Feldman*, 736 F.2d 1305, 1308-1310 (9th Cir.1984).

In view of this, the self-petitioner is hereby notified that the approval of the petition on behalf of the beneficiary is revoked from the date of approval.

### AFFIDAVIT OF MICHAEL E. PISTON

1. I entered my appearance as attorney of record in Uday Nori's I-140, File No. SRC-02-040-54594 on September 26, 2005.

2. I never received the Revocation Notice in this matter from the United States Citizenship and Information Services.

3. The first time I received the Revocation Notice was from Senator Carl Levin's office on February 7, 2006.

I declare under penalty of perjury that the foregoing is true and correct

Michael E. Piston
Signed in Oakland County, Michigan on February 17, 2006.

I mailed a notice to the Texas Service Center sometime between July 1 and July 15, 2005 informing it that my new address was 539 Under Brook Court Westerville OH 43081 .

I remember this because I moved on approximately July 1, 2005, and remember mailing the notice of change of address to the TSC within 2 weeks of moving to the above address.

The notice I mailed specifically referenced my I-140 petition by file No. A-95246268

Unfortunately, I didn't keep a copy of this notice because I never imagined that this would become an issue.

I declare under penalty of perjury that the foregoing is true and correct.

Uday Nori
Signed at Delaware County, State of Ohio, on February 16, 2006.

C



Fax from the office of:

# Senator Carl Levin
# Detroit Office

477 Michigan Avenue
Room 1860
Detroit, Michigan 48226
(313) 226-6020
(313) 226-6534 (fax)

**D**

*Please deliver to* **Sue Alexandrowicz**                    Date **02/07/06**

*Fax Number* **248-680-0627**                              Time _____

*From:*  ☐ Carl Levin        ☐ David Allen        ☐ Sheila Marolla      ☐ George Fowler

☐ Cassandra Woods   ☐ Gina Dusseau     ☒ Lisa Weinstein     ☐ Cathy Somers

☐ Eunice Confer     ☐ Nicole James     ☐ Gale Govacre       ☐ Vanessa Washington

☐ Lisa Verona       ☐ Carolyn Kapustij ☐ Denise O'Neal      ☐ Other

*Total number of pages including this page* **7** _____

*If you do not receive all the pages, call (313) 226-6020*

*Additional Comments:*

Re: Uday Nori

Per your request, enclosed is a copy of the Notice of Revocation from the Texas Service Center.



**U.S. Department of Homeland Security**
Citizenship and Immigration Services

---

*Texas Service Center*
*Post Office Box 850965*
*Mesquite, Texas 75185-0965*

DATE: October 5, 2005

TO:   Uday S. Nori
      14603 Strauss Dr
      Apt 2514
      Carmel, IN  46032

Petitioner: Self

Beneficiary: NORI, Uday

## NOTICE OF REVOCATION

IN THE MATTER OF:  Visa Petition EB-2, National Interest Waiver
                   Immigrant Petition
                   for Alien Worker            **FILE NO.: SRC0204054594**
                                               **A: A95246268**

---

### PLEASE TAKE NOTICE THAT THE FOLLOWING ACTION HAS BEEN TAKEN IN THE ABOVE ENTITLED MATTER:

SEE ATTACHMENT

You may appeal this decision to the Administrative Appeals Office, if you wish, by completing the enclosed Form I-290B (Notice of Appeal to the Administrative Appeals Unit) and filing it with this office together with a $385.00 fee. Your Notice of Appeal must be filed within 15 days of this notice. A brief or other written statement in support of your appeal may be submitted with the Notice of Appeal. This decision is final if no appeal is filed within the time allowed.

Sincerely,

*[signature]*

Evelyn M. Upchurch, Director
Texas Service Center
EMU/256

## ATTACHMENT

Reference is made to the Immigrant Petition for Alien Worker (Form I-140) that the self-petitioner filed on behalf of himself.

The reasons for revocation were explained in the NOTICE OF INTENT TO REVOKE dated August 24, 2005. At that time the self-petitioner was given thirty (30) days to submit evidence in support of the petition.

To date, the self-petitioner has failed to provide persuasive documentary evidence to overcome the grounds for revocation.

As cited in the NOTICE OF INTENT TO REVOKE, *Form I-140 or 360 must be filed with the Service Center having jurisdiction over the intended place of employment.*

The Service finds that the Texas Service Center does not have jurisdiction in this proceeding and that pertinent information provided misled the Texas Service Center to accept jurisdictional review of the visa petition where the truth in this matter does not provide for Texas Service Center to have jurisdictional review. A visa petition in this matter must be filed under the jurisdiction of the Vermont Service Center or the Nebraska Service Center for review.

Equally, the record does not support a finding in opposition to the Service's finding of improper practices pursuant to 8 CFR Part 292 as cited in the NOTICE OF INTENT TO REVOKE. Representation on behalf of the self-petitioner will no longer be recognized in this proceeding.

In *Matter of Ho*, 19 I&N Dec. 582 (BIA 1988), it was determined that the director's realization that an error in judgment made in initially approving a visa petition may, in and of itself, be good and sufficient cause for revoking the approval, provided the revised opinion is supported by the record.

The alien's record(s) contains substantial evidence supporting this revocation decision, the original approval having overestimated eligibility, which was challenged by later-revealed evidence. *Tongatapu Woodcraft Hawaii, Ltd. v. Feldman*, 736 F.2d 1305, 1308-1310 (9th Cir. 1984).

In view of this, the self-petitioner is hereby notified that the approval of the petition on behalf of the beneficiary is revoked from the date of approval.



U.S. Department of Homeland Security
Citizenship and Immigration Services

*Texas Service Center*
*Post Office Box 850965*
*Mesquite, Texas 75185-0965*

DATE:  August 24, 2005

Theodore Sherman, Esq
Law Offices of Theodore Sherman
8409 Pickwick Ln #213
Dallas, TX 75225

Petitioner:  Self

RE:  Beneficiary's Name and Date of Birth:  NORI, Uday
                                            DOB:  08/13/1967

Refer to file number: A95246268 (SRC0204054594)
Form:  I-140 (Immigrant Petition for Alien Worker)

---

### NOTICE OF INTENT TO REVOKE

---

This letter refers to the I-140 (Immigrant Petition for Alien Worker) that the self-petitioner filed
with the Service on November 19, 2001 to accord classification to the beneficiary under section
203(b)(2) of the Immigration and Nationality Act (Act) as members of the professions holding
advanced degrees or an alien of exceptional ability in the sciences, arts, or business.  Additionally,
the self-petitioner is seeking a waiver of the job offer in the national interest.

Section 203(b)(2) of the Act provides classification to members of the professions holding
advanced degrees or an alien of exceptional ability in the sciences, arts, or business:

> *[Q]ualified immigrants who are members of the professions holding advanced degrees or
> their equivalent or who because of their exceptional ability in the sciences, arts, or
> business, will substantially benefit prospectively the national economy, cultural or
> educational interests, or welfare of the United States, and whose services in the sciences,
> arts, professions, or business are sought by an employer in the United States.*

> [T]he Attorney General may, when the Attorney General deems it to be in the national interest, waive the requirements of subparagraph (A) that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States.

Title 8 CFR 204.5(b) imposes jurisdiction on the filing of Forms I-140 and I-360 to the Service Center over the beneficiary's intended place of employment:

> Form I-140 or I-360 must be filed with the Service Center having jurisdiction over the intended place of employment, unless specifically designated for local filing by the Associate Commissioner for Examinations.

As written on the instructions of the I-140 and as regulated in 8 CFR 100.4, if the intended place of employment is within the state of Michigan, the petitioner must file the I-140 with the Nebraska Service Center, which has jurisdiction in this matter.

As cited above in 8 CFR 204.5(b), *Form I-140 or I-360 must be filed with the Service Center having jurisdiction over the intended place of employment.*

The petition in this matter was approved on November 19, 2001.

Subsequent to the date of approval, further information was received from the Nebraska Service Center demonstrating that the self-petitioner has, in fact, provided information to mislead the Texas Service Center's acceptance of this petition for review. Consequently, the available information no longer supports the petition's jurisdictional review.

In accordance with 8 CFR 205.2(a), "any Service officer authorized to approve a petition under section 204 of the Act may revoke the approval of that petition upon notice to the petitioner on any ground other than those specified in § 205.1 when the necessity for the revocation comes to the attention of this Service".

New information in the alien's record(s) indicates that—

## PART I

* The intended place of employment in this matter is not within the Texas Service Center's jurisdiction.

The record shows that the self-petitioner has not filled out the Form I-140 in accordance with the petition's instructions. Parts 5 and 6 of the Form I-140 have been left blank. According to the instructions, the petitioner must write "N/A" in a field if information is not relevant or not available. The record as a whole suggests that the self-petitioner omitted this information so as to not reveal the true intent of his or her place of employment. The self-petitioner may need to provide a supplemental Form I-140 with Parts 5 and 6 completed for review.

## PART II

* The address provided on the Form I-140 and Form G-28 is not an associated address for the beneficiary and representation.

The addresses provided in the G-28 and in Parts 1 and 3 of the I-140 are all the same address: 8409 Pickwick Lane # 213 / Dallas, TX 75225. In prior applications and petitions the addresses for representation's Forms G-28 and the self-petitioner are in Michigan.

Evidence provided by the State Bar of Michigan indicates that the attorney of record does not hold an office at the address in Dallas, Texas, and evidence provided by the State Bar of Texas also confirms that the attorney of record does not hold an office at the address in Dallas, TX. In fact, the address has been registered to the individual (YARBOUGH, David) since 1999 in the capacity of a potential shipping agent, potential addressing and letter service, and potential packaging service.

This notice serves the dual purpose of notifying representation that without evidence in opposition to the Service's findings, the attorney or record will no longer be recognized in this proceeding pursuant to 8 CFR Part 292 for improper practices before the Service. A copy of this notice is also being sent to the self-petitioner's address on record.

Section 205 of the INA states:

> *The Attorney General may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under Section 204. Such revocation shall be effective as of the date of approval of any such petition.*

In *Matter of Ho*, 19 I&N Dec. 582 (BIA 1988), it was determined that the director's realization that an error in judgment made in initially approving a visa petition may, in and of itself, be good and sufficient cause for revoking the approval, provided the revised opinion is supported by the record.

Pursuant to Title 8, Code of Federal Regulations, Part 205.2, it is the intent of this Service to revoke the approval of the referenced I-140 immigrant visa petition. The petition falls short of the regulatory requirement for jurisdictional review of this visa petition.

The self-petitioner must show that the place of intended employment falls within the jurisdictional review of the Texas Service Center and that the address provided for Forms I-140 and G-28 is associated with the self-petitioner and the attorney of record.

The self-petitioner is hereby granted a period of thirty (30) days in which to submit evidence in support of the petition and in opposition to its intended revocation. At the conclusion of that thirty-day period, or upon submission of evidence, a final decision will be made.

Sincerely,

Lisa Kehl, Acting Director
Texas Service Center

LK/256

E

COPY
filed 02/17/06

UDAY NORI
GEETHA NORI
27225 FARMBROOK VILLA DR.
SOUTHFIELD, MI 48034

9-32 31
720
653981977

1137

DATE 02/09/06

PAY TO THE ORDER OF    DEPARTMENT OF HOMELAND SECURITY —  $ 385.00 —

Three hundred and eighty five dollars —DOLLARS

BANK≡ONE.
Bank One, NA
Detroit, Michigan 48226
www.BankOne.com

MEMO

⑆072000326⑆    653981977⑈1137

Appearances - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. **Availability of Records** - During the time a case is pending, and except as otherwise provided in 8 CFR 103 2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103 10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re: Uday Sankar NORI | Date: 2/17/2016 |
| | File No. A95246268 |

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

| Name: Uday Sankar NORI | ☐ Petitioner ☐ Beneficiary | ☑ Applicant |

Address: (Apt. No.)     (Number & Street)     (City)     (State)     (Zip Code)
539 Under Brook Court     Westerville     OH     43081

| Name: | ☐ Petitioner ☐ Beneficiary | ☐ Applicant |

Address: (Apt. No.)     (Number & Street)     (City)     (State)     (Zip Code)

*Check Applicable Item(s) below.*

☑ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia
State of Michigan _____ Supreme Court _____ and am not under a court or administrative agency
Name of Court
order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☑ 3 I am associated with Michael E. Piston, P.C.
the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. *(If you check this item also check item 1 or 2 whichever is appropriate.)*

☐ 4 Others (Explain Fully)

SIGNATURE

NAME (Type or Print)
Michael E. Piston

COMPLETE ADDRESS
Michael E. Piston, P C
4000 Livernois Road
Suite 110
Troy MI 48098

TELEPHONE NUMBER
(248) 680-0600

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS.*
Michael E. Piston

(Name of Attorney or Representative)

*THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER*
All Immigration Matters

| Name of Person Consenting | Signature of Person Consenting | Date |
| Uday Sankar NORI | | 09-30-2005 |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence )

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103 10 and 103 20 Et SEQ

Form G-28 (09/26/00)Y

OMB No 1615-0095; Expires 10/31/08

Department of Homeland Security
U. S. Citizenship and Immigration Services

**I-290B, Notice of Appeal to the
Administrative Appeals Office (AAO)**

Fee Stamp

**In the Matter of:**

Uday S. Nori
A95246268

**File Number:**

SRC0204054594

---

**1.** I am filing an appeal from the decision dated:

October 05, 2005

---

**Person Filing Appeal**

Signature

Name   Michael E. Piston

Address   4000 Livernois

| | Number | | Street |
|---|---|---|---|
| Troy | MI | | 48098 |
| City | | State | Zip Code |

Telephone No.   248-524-1936

E-Mail address, if any   michael@piston.net

Date   02/17/2006

[✓]  I am an attorney or representative, and I represent:

Uday S. Nori

*Person and/or organization for whom you are appearing*

Telephone No.

E-Mail address, if any

**You must attach a Notice of Entry of Appearance
(Form G-28) if you are an attorney or representative
and did not submit such a form before.**

---

**2.** Please check the one block that applies:

[ ]  I am not submitting a separate brief or evidence.

[ ]  I am submitting a separate brief and/or evidence with this form.

[ ]  I am sending a brief and/or evidence to the AAO within 30 days.

[ ]  I need _____ days to submit a brief and/or evidence to the AAO. *(May be granted only for good cause shown. Explain in a separate letter, and attach the letter to your form.)*

---

**3.** Briefly, state the reason(s) for this appeal:

See Attached

f

Form I-290B (Rev 10/26/05)Y

**BRIEF IN SUPPORT OF UDAY NORI, M.D.'S APPEAL FROM THE DECISION OF THE TEXAS SERVICE CENTER DIRECTOR REVOKING HIS APPROVED NATIONAL INTEREST WAIVER PETITION.**

Uday Nori, M.D. is the beneficiary (and self petitioner) of a petition to classify him as a member of the professions holding an advanced degree under section 203(b)(2) of the Immigration and Nationality Act, the job offer and labor certification requirement of which was waived in the national interest. His petition was approved on August 5, 2002. Over three (3) years later, on August 24, 2005, the Director of the Texas Service Center (TSC Director) issued a notice of intent to revoke the approval of this petition to which a timely response was filed on September 26, 2005.[1]  On October 5, 2005, the Texas Service Center issued a notice of revocation of this petition.

## I. THE APPEAL IS TIMELY BECAUSE THE NOTICE OF REVOCATION WAS NOT PROPERLY SERVED AND PETITIONER'S ATTORNEY ONLY ACTUALLY RECEIVED IT ON FEBRUARY 7, 2006.

A copy of the notice of revocation was not served upon either of Dr. Nori's attorneys of record, Michael Sherman[2], or Michael Piston, contrary to the express requirements of 8 C.F.R. section 292.5(a). Neither was the notice sent to Dr. Nori himself at his current address. Rather, the notice was apparently sent only to Dr. Nori's former address at 14603 Strauss Dr. Apt 2514 Carmel, IN 46032 despite the fact that, as indicated in the enclosed evidence, Dr. Nori had notified the TSC of his new address at 539 Under Brook Court Westerville OH 43081 well before the revocation notice was issued.

## A. THE TSC DIRECTOR'S FAILURE TO SERVE MICHAEL SHERMAN

Apparently the TSC Director failed to send Mr. Sherman a copy of this notice because she concluded that his "representation on behalf of the self petitioner will no longer be recognized in this proceeding." The apparent basis for this determination was the "Service's finding of improper practices pursuant to 8 C.F.R. part 292 as cited in the notice of intent to revoke". However, Part 292 only empowers "an adjudicating official or the Board of Immigration Appeals" with the authority to impose disciplinary sanctions against immigration practitioners. While it is not absolutely clear from part 292 who exactly constitutes "an adjudicating official," there is nothing in that part to indicate that the Texas Service Center Director meets that definition. Therefore the Texas Service Center had no authority to refuse to recognize Michael Sherman's appearance upon behalf of the petitioner.

---

[1] Please see the enclosed FedEx notice confirming delivery of a package from our office to TSC on that date pertaining to Dr. Noris. This response was timely because of the 3 days added to the response time per 8 CFR 103.5a(b).

[2] The notice of appearance of Michael Sherman as the attorney for Dr. Nori was superseded by the notice of appearance of Michael E. Piston, which was filed with the petitioner's response to the notice of intent to revoke. However, it is not clear whether the TSC Director was aware of that response, since she makes no reference to it in her notice of revocation, and did not serve the revocation notice on Michael Piston either. Therefore this appeal addresses her failure to serve either counsel.

## B. THE TSC DIRECTOR'S FAILURE TO SERVE MICHAEL PISTON

Further, the Director's decision completely fails to explain why she did not serve Dr. Nori's subsequent attorney, Michael Piston, with a copy of this notice even though his signed notice of appearance was filed with the Director with the response to the notice of intent to revoke.

## C. THE TSC DIRECTOR'S FAILURE TO PROPERLY SERVE DR. NORI.

Nor does the director explain why she apparently mailed a copy of the notice of revocation to an address which Dr. Nori had already notified her months before he no longer occupied.

The TSC Director's failure to properly serve Dr. Nori nor either of his attorneys resulted in Dr. Nori not receiving a copy of the revocation notice in this case until February 7, 2006, when it was faxed to attorney Michael Piston's office from Senator Carl Levin. Therefore the 15 days in which Dr. Nori was required to file an appeal of this decision under 8 C.F.R. section 205.2(d) should be considered to have begun running on February 7, 2006 and, therefore, this appeal is timely if received by the Texas Service Center by February 22, 2006.

## II. THE NOTICE OF REVOCATION IS MERITLESS

Turning to the merits of the notice of intent to revoke, it can be easily demonstrated that none of the grounds for revocation claimed by the TSC Director have any merit whatsoever.

## A. ANY FAILURE TO COMPLETE THE FORM I-140 HAS BEEN CURED

Block 4 of part 6 of the amended form I-140 filed by Dr. Nori in response to the notice of intent to revoke indicates that the intended place of employment in this case is a location to be determined in the southeastern United States. As Dr. Nori pointed out in his affidavit in support of his response to the notice of intent to revoke "it has been my intention for a long time, particularly after I came here and experienced the bitter cold of Michigan winters, to ultimately find employment in the southeastern United States as soon as I could reasonably do so within the parameters of my career goals."

Since the "intended" place of employment must mean the place where the self petitioner intends to work when he becomes a permanent resident, therefore there is no reason why Dr. Nori's ultimate intentions as to where he will work when he becomes a permanent resident should not be controlling of which Service Center has jurisdiction over this matter. The revocation notice does not provide any explanation for its conclusion that it does not have jurisdiction in this proceedings. The only reason provided in the notice of intent to revoke as to why the TSC might have jurisdiction is the fact that parts 5 and 6 of form I-140 have been left blank. Since this oversight was corrected on the amended form

I-140 that was filed in response to the notice of intent to revoke and since that amended form I-140 makes clear that the intended place of employment is within the jurisdiction of the Texas Service Center, this alone entirely vitiates the entire basis of the notice of intent to revoke and makes the revocation notice patently meritless.

## B. DR. NORI NEVER INTENDED TO WORK IN MICHIGAN WHEN HE BECAME A PERMANENT RESIDENT AND DOES NOT WORK THERE NOW

The TSC Director implies in the notice of intent to revoke that she believes that the place of employment is within the state of Michigan. ("If the intended place of employment is within the state of Michigan, the petitioner must file the I-140 with the Nebraska Service Center, which has jurisdiction in this matter.")

However, as Dr. Nori's affidavit in response to the Notice of Intent pointed out, it was never his intention to work in the state of Michigan when he became a permanent resident, as is demonstrated by the fact that he has not worked there since 2004. He has instead, found subsequent employment in 2 different locations, the first in Indiana, later in Ohio. While Dr. Nori has still not achieved his ultimate intended goal of finding employment in the southeastern United States due to the highly specialized nature of his skills, his employment history conclusively vindicates his decision not to file the I-140 in the Nebraska Service Center, since he knew full well at that time that he would not be staying on a long-term basis in Michigan.

## C. THE LOCATION OF PRIOR COUNSEL'S OFFICE IS IRRELEVANT TO THE TSC'S JURISDICTION

The revocation notice repeats the Director claim that the Texas Service Center was misled by Dr. Nori's prior attorney's usage of a private mailbox service for correspondence with the TSC. But that is irrelevant since the fact that an attorney had an office in the Texas Service Center would not be a basis for the TSC to take jurisdiction over an I-140 filed by that attorney in any event. As the director admits in the notice of intent, Dr. Nori's (then) current address and work location in Michigan were fully disclosed on his form ETA 750B. Where his attorney worked is immaterial.

Inasmuch as neither of the notice of intent to revoke nor the revocation notice offers any grounds for concluding that the TSC did not have jurisdiction over Dr. Nori's petition other than his failure to complete parts 5 and 6 of form I-140 (which has been cured) and its baseless suspicions that he intended to work in Michigan when he became a permanent resident, it should be apparent that the revocation notice was entirely baseless.

## III. EVEN IF TSC DID NOT HAVE JURISDICTION OF THE FORM I-140 THIS IS NOT A GROUNDS FOR DENIAL

Further, even if we were to concede that the revocation was not properly approved by the Texas Service Center, that is not, in itself, a basis for denying it. At worst the TSC

should have revoked its approval of the I-140 and then transferred it to the service center which it believed had jurisdiction over this matter.

## IV. THE TSC DIRECTOR'S PUNISHMENT OF DR. NORI FOR FAILING TO CORRECTLY GUESS WHERE HE WOULD BE WORKING IN THE FUTURE IS CONTRARY TO THE PURPOSE OF THE NATIONAL INTEREST WAIVER

Finally, it must be noted that the whole purpose of the national interest waiver is to allow certain highly qualified individuals to obtain permanent residency without an offer of employment. Obviously this creates great difficulties for persons who, like Dr. Nori, know perfectly well at the time of filing their petition that they would not be staying on a long-term basis in their current employment. At the time of filing this petition, as explained in his affidavit, Dr. Nori knew that he would not be living indefinitely in the state of Michigan. He therefore was required to speculate as to where he might be employed when he became a permanent resident. The fact is that Dr. Nori did not know for certain where he would be employed when he became a permanent resident and therefore could only speak to his intentions. Of course this is exactly what the regulations require -- that Dr. Nori file his petition in the location in which he *intended* to work when he became a permanent resident. Which is exactly what he did.

Just imagine, for a moment, that Dr. Nori had done what the Texas Service Center now implies he should have done, which is to indicate on part 6 of his form I-140 that his intended place of employment was Michigan, even though such a statement would have been false in light of Dr. Nori's intention to leave the state as soon as he found suitable employment elsewhere. Let us say that Dr. Nori then filed his form I-140 with the Nebraska Service Center and, subsequently, did find employment in the southeastern United States as he intended. No doubt he would now be battling a revocation notice from the Nebraska Service Center on the grounds that his intended place of employment was the southeastern United States and therefore the Nebraska Service Center had no jurisdiction over his petition.

The national interest waiver provision was expressly developed for persons in Dr. Nori's situation, persons whose talents are so valuable to the United States that they should be permitted to immigrate here without a job offer from a specific employer. The TSC, by requiring petitioners to guess where they will be living and working years after their petition is filed, and then mercilessly punishing them when they guess wrong, is subverting the intention of Congress as well as ignoring the plain language of the regulations.

We believe that any fair review of the evidence will conclude that this petition had to be filed with the TSC since it was always Dr. Nori's intention to work within its jurisdiction when he became a permanent resident, and this continues to be his intention now. In the alternative, however, the mere fact that a petition is filed with a service center which it is ultimately determined, four years after the fact, not to have jurisdiction over this matter, is not a basis for the petition's denial, but merely its transfer to the service center which is determined to have jurisdiction.

Respectfully submitted,

Michael E. Piston

P.S. Since the revocation notice apparently incorporates the notice of intent to revoke, we have enclosed with this appeal a copy of our response to the notice of intent to revoke.



**U.S. Department of Homeland Security**
Citizenship and Immigration Services

*Texas Service Center*
*Post Office Box 850965*
*Mesquite, Texas 75185-0965*

DATE: October 5, 2005

TO:    Uday S. Nori
       14603 Strauss Dr
       Apt 2514
       Carmel, IN 46032

Petitioner: Self

Beneficiary: NORI, Uday

## NOTICE OF REVOCATION

**IN THE MATTER OF:** Visa Petition EB-2, National Interest Waiver
                      Immigrant Petition
                      for Alien Worker
                      **FILE NO.: SRC0204054594
                      A: A95246268**

_____
**PLEASE TAKE NOTICE THAT THE FOLLOWING ACTION HAS BEEN TAKEN IN THE
ABOVE ENTITLED MATTER:**

SEE ATTACHMENT

You may appeal this decision to the Administrative Appeals Office, if you wish, by completing the
enclosed Form I-290B (Notice of Appeal to the Administrative Appeals Unit) and filing it with this
office together with a $385.00 fee. Your Notice of Appeal must be filed within 15 days of this notice.
A brief or other written statement in support of your appeal may be submitted with the Notice of
Appeal. This decision is final if no appeal is filed within the time allowed.

Sincerely,

*[signature]*

Evelyn M. Upchurch, Director
Texas Service Center
EMU/256

## ATTACHMENT

Reference is made to the Immigrant Petition for Alien Worker (Form I-140) that the self-petitioner filed on behalf of himself,

The reasons for revocation were explained in the NOTICE OF INTENT TO REVOKE dated August 24, 2005. At that time the self-petitioner was given thirty (30) days to submit evidence in support of the petition.

To date, the self-petitioner has failed to provide persuasive documentary evidence to overcome the grounds for revocation.

As cited in the NOTICE OF INTENT TO REVOKE, *Form I-140 or 360 must be filed with the Service Center having jurisdiction over the intended place of employment.*

The Service finds that the Texas Service Center does not have jurisdiction in this proceeding and that pertinent information provided misled the Texas Service Center to accept jurisdictional review of the visa petition where the truth in this matter does not provide for Texas Service Center to have jurisdictional review. A visa petition in this matter must be filed under the jurisdiction of the Vermont Service Center or the Nebraska Service Center for review.

Equally, the record does not support a finding in opposition to the Service's finding of improper practices pursuant to 8 CFR Part 292 as cited in the NOTICE OF INTENT TO REVOKE. Representation on behalf of the self-petitioner will no longer be recognized in this proceeding.

In *Matter of Ho*, 19 I&N Dec. 582 (BIA 1988), it was determined that the director's realization that an error in judgment made in initially approving a visa petition may, in and of itself, be good and sufficient cause for revoking the approval, provided the revised opinion is supported by the record.

The alien's record(s) contains substantial evidence supporting this revocation decision, the original approval having overestimated eligibility, which was challenged by later-revealed evidence. *Tongatapu Woodcraft Hawaii, Ltd. v. Feldman*, 736 F.2d 1305, 1308-1310 (9th Cir.1984).

In view of this, the self-petitioner is hereby notified that the approval of the petition on behalf of the beneficiary is revoked from the date of approval.



**U.S. Department of Homeland Security**
Citizenship and Immigration Services

---

*Texas Service Center*
*Post Office Box 850965*
*Mesquite, Texas 75185-0965*

DATE:  August 24, 2005

**Theodore Sherman, Esq**
**Law Offices of Theodore Sherman**
**8409 Pickwick Ln #213**
**Dallas, TX  75225**

Petitioner:  Self

RE:     Beneficiary's Name and Date of Birth:     NORI, Uday
                                                  DOB:  08/13/1967

**Refer to file number: A95246268 (SRC0204054594)**
**Form: I-140 (Immigrant Petition for Alien Worker)**

### NOTICE OF INTENT TO REVOKE

This letter refers to the I-140 (Immigrant Petition for Alien Worker) that the self-petitioner filed with the Service on November 19, 2001 to accord classification to the beneficiary under section 203(b)(2) of the Immigration and Nationality Act (Act) as members of the professions holding advanced degrees or an alien of exceptional ability in the sciences, arts, or business.  Additionally, the self-petitioner is seeking a waiver of the job offer in the national interest.

**Section 203(b)(2) of the Act** provides classification to members of the professions holding advanced degrees or an alien of exceptional ability in the sciences, arts, or business:

> *[Q]ualified immigrants who are members of the professions holding advanced degrees or their equivalent or who because of their exceptional ability in the sciences, arts, or business, will substantially benefit prospectively the national economy, cultural or educational interests, or welfare of the United States, and whose services in the sciences, arts, professions, or business are sought by an employer in the United States.*

*[T]he Attorney General may, when the Attorney General deems it to be in the national interest, waive the requirements of subparagraph (A) that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States.*

**Title 8 CFR 204.5(b)** imposes jurisdiction on the filing of Forms I-140 and I-360 to the Service Center over the beneficiary's intended place of employment:

*Form I-140 or I-360 must be filed with the Service Center having jurisdiction over the intended place of employment, unless specifically designated for local filing by the Associate Commissioner for Examinations.*

As written on the instructions of the I-140 and as regulated in 8 CFR 100.4, if the intended place of employment is within the state of Michigan, the petitioner must file the I-140 with the Nebraska Service Center, which has jurisdiction in this matter.

As cited above in 8 CFR 204.5(b), *Form I-140 or I-360 must be filed with the Service Center having jurisdiction over the intended place of employment.*

The petition in this matter was approved on November 19, 2001.

Subsequent to the date of approval, further information was received from the Nebraska Service Center demonstrating that the self-petitioner has, in fact, provided information to mislead the Texas Service Center's acceptance of this petition for review. Consequently, the available information no longer supports the petition's jurisdictional review.

In accordance with 8 CFR 205.2(a), "any Service officer authorized to approve a petition under section 204 of the Act may revoke the approval of that petition upon notice to the petitioner on any ground other than those specified in § 205.1 when the necessity for the revocation comes to the attention of this Service".

New information in the alien's record(s) indicates that—

**PART I**

- The intended place of employment in this matter is not within the Texas Service Center's jurisdiction.

The record shows that the self-petitioner has not filled out the Form I-140 in accordance with the petition's instructions. Parts 5 and 6 of the Form I-140 have been left blank. According to the instructions, the petitioner must write "N/A" in a field if information is not relevant or not available. The record as a whole suggests that the self-petitioner omitted this information so as to not reveal the true intent of his or her place of employment. The self-petitioner may need to provide a supplemental Form I-140 with Parts 5 and 6 completed for review.

The record also shows that the self-petitioner reports on Part B of the ETA-750 in line 15(a) that the self-petitioner's current employment is in Michigan. The remaining portion of the record equally supports that the intended place of employment is this same employment in Michigan.

## PART II

- The address provided on the Form I-140 and Form G-28 is not an associated address for the beneficiary and representation.

The addresses provided in the G-28 and in Parts 1 and 3 of the I-140 are all the same address: 8409 Pickwick Lane # 213 / Dallas, TX 75225. In prior applications and petitions the addresses for representation's Forms G-28 and the self-petitioner are in Michigan.

Evidence provided by the State Bar of Michigan indicates that the attorney of record does not hold an office at the address in Dallas, Texas, and evidence provided by the State Bar of Texas also confirms that the attorney of record does not hold an office at the address in Dallas, TX. In fact, the address has been registered to the individual (YARBOUGH, David) since 1999 in the capacity of a potential shipping agent, potential addressing and letter service, and potential packaging service.

This notice serves the dual purpose of notifying representation that without evidence in opposition to the Service's findings, the attorney or record will no longer be recognized in this proceeding pursuant to 8 CFR Part 292 for improper practices before the Service. A copy of this notice is also being sent to the self-petitioner's address on record.

Section 205 of the INA states:

> The Attorney General may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under Section 204. Such revocation shall be effective as of the date of approval of any such petition.

In *Matter of Ho*, 19 I&N Dec. 582 (BIA 1988), it was determined that the director's realization that an error in judgment made in initially approving a visa petition may, in and of itself, be good and sufficient cause for revoking the approval, provided the revised opinion is supported by the record.

Pursuant to Title 8, Code of Federal Regulations, Part 205.2; it is the intent of this Service to revoke the approval of the referenced I-140 immigrant visa petition. The petition falls short of the regulatory requirement for jurisdictional review of this visa petition.

The self-petitioner must show that the place of intended employment falls within the jurisdictional review of the Texas Service Center and that the address provided for Forms I-140 and G-28 is associated with the self-petitioner and the attorney of record.

The self-petitioner is hereby granted a period of thirty (30) days in which to submit evidence in support of the petition and in opposition to its intended revocation. At the conclusion of that thirty-day period, or upon submission of evidence, a final decision will be made.

Sincerely,

Lisa Kehl, Acting Director
Texas Service Center

LK/256



*Fax from the office of:*

# Senator Carl Levin
# Detroit Office

477 Michigan Avenue
Room 1860
Detroit, Michigan 48226
(313) 226-6020
(313) 226-6534 (fax)

*Please deliver to* **Sue Alexandrowicz**  _____   *Date* **02/07/06**

*Fax Number* **248-680-0627**  _____   *Time* _____

*From:*
☐ Carl Levin       ☐ David Allen       ☐ Sheila Marolla       ☐ George Fowler

☐ Cassandra Woods  ☐ Gina Dusseau     ☒ Lisa Weinstein       ☐ Cathy Somers

☐ Eunice Confer    ☐ Nicole James     ☐ Gale Govacre         ☐ Vanessa Washington

☐ Lisa Verona      ☐ Carolyn Kapustij ☐ Denise O'Neal        ☐ Other

*Total number of pages including this page* **7** _____

**If you do not receive all the pages, call (313) 226-6020**

*Additional Comments:*

Re: Uday Nori

Per your request, enclosed is a copy of the Notice of Revocation from the Texas Service Center.

## AFFIDAVIT OF MICHAEL E. PISTON

1. I entered my appearance as attorney of record in Uday Nori's I-140, File No. SRC-02-040-54594 on September 26, 2005.

2. I never received the Revocation Notice in this matter from the United States Citizenship and Information Services.

3. The first time I received the Revocation Notice was from Senator Carl Levin's office on February 7, 2006.

I declare under penalty of perjury that the foregoing is true and correct

_____

Michael E. Piston

Signed in Oakland County, Michigan on February 17, 2006.

I mailed a notice to the Texas Service Center sometime between July 1 and July 15, 2005 informing it that my new address was 539 Under Brook Court Westerville OH 43081 .

I remember this because I moved on approximately July 1, 2005, and remember mailing the notice of change of address to the TSC within 2 weeks of moving to the above address.

The notice I mailed specifically referenced my I-140 petition by file No. A-95246268

Unfortunately, I didn't keep a copy of this notice because I never imagined that this would become an issue.

I declare under penalty of perjury that the foregoing is true and correct.

*Uday Nori* (signature)

Uday Nori
Signed at Delaware County, State of Ohio, on February 16, 2006.



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

02/16/2006

Dear Customer:

The following is the proof of delivery you requested with the tracking number **792535559909**.

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivery date:** | Sep 26, 2005 10:01 |
| **Signed for by:** | G.DAMIN | | |
| **Service type:** | FedEx 2Day Service | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 792535559909 | **Ship date:** | Sep 23, 2005 |
| **Recipient:** | | **Shipper:** | |
| DALLAS, TX US | | TROY, MI US | |
| **Reference** | | NORI | |

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339

From:  Origin ID:  (248)680-0600
Deanna Swanson
Michael E. Piston, P.C.
4000 Livernois, Suite 110

Troy, MI 48098



Ship Date: 23SEP05
Actual Wgt: 1 LB
System#: 4957512/INET2200
Account#: S *********

REF: NORI

SHIP TO:  (248)524-1936      **BILL SENDER**
**U.S.C.I.S Texas Service Center**

**4141 St. Augustine**

**Dallas, TX 75227**

Delivery Address Bar Code



**STANDARD OVERNIGHT**                    **MON**
                                          Deliver By:
TRK#  **7925 3555 9909**   FORM   26SEP05
                           0201
                                          **DFW**   A2

**75227**   -TX-US

**NI GVTA**

Shipping Label: Your shipment is complete

1.  Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2.  Fold the printed page along the horizontal line.
3.  Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

CAO# _____256_____
DATE____08/24/05_____

SRC# ___SRC0204054594_____

A# ___A95246268_____

*Return requested information and all supporting documents with this page on top to insure timely handling to the address below:*

U.S. DEPARTMENT OF HOMELAND SECURITY
CITIZENSHIP AND IMMIGRATION SERVICES
Texas Service Center
PO Box 850965
Mesquite, TX  75185-0965

CUD _____ 09/24/05



U.S. Department of Homeland Security
Citizenship and Immigration Services

---

*Texas Service Center*
*Post Office Box 850965*
*Mesquite, Texas 75185-0965*

DATE: **August 24, 2005**

**Theodore Sherman, Esq**
**Law Offices of Theodore Sherman**
**8409 Pickwick Ln #213**
**Dallas, TX 75225**

**Petitioner: Self**

**RE:    Beneficiary's Name and Date of Birth:    NORI, Uday**
**DOB: 08/13/1967**

**Refer to file number: A95246268 (SRC0204054594)**
**Form: I-140 (Immigrant Petition for Alien Worker)**

### NOTICE OF INTENT TO REVOKE

This letter refers to the I-140 (Immigrant Petition for Alien Worker) that the self-petitioner filed with the Service on November 19, 2001 to accord classification to the beneficiary under section 203(b)(2) of the Immigration and Nationality Act (Act) as members of the professions holding advanced degrees or an alien of exceptional ability in the sciences, arts, or business. Additionally, the self-petitioner is seeking a waiver of the job offer in the national interest.

**Section 203(b)(2) of the Act** provides classification to members of the professions holding advanced degrees or an alien of exceptional ability in the sciences, arts, or business:

> *[Q]ualified immigrants who are members of the professions holding advanced degrees or their equivalent or who because of their exceptional ability in the sciences, arts, or business, will substantially benefit prospectively the national economy, cultural or educational interests, or welfare of the United States, and whose services in the sciences, arts, professions, or business are sought by an employer in the United States.*

*[T]he Attorney General may, when the Attorney General deems it to be in the national interest, waive the requirements of subparagraph (A) that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States.*

**Title 8 CFR 204.5(b)** imposes jurisdiction on the filing of Forms I-140 and I-360 to the Service Center over the beneficiary's intended place of employment:

*Form I-140 or I-360 must be filed with the Service Center having jurisdiction over the intended place of employment, unless specifically designated for local filing by the Associate Commissioner for Examinations.*

As written on the instructions of the I-140 and as regulated in 8 CFR 100.4, if the intended place of employment is within the state of Michigan, the petitioner must file the I-140 with the Nebraska Service Center, which has jurisdiction in this matter.

As cited above in 8 CFR 204.5(b), *Form I-140 or I-360 must be filed with the Service Center having jurisdiction over the intended place of employment.*

The petition in this matter was approved on November 19, 2001.

Subsequent to the date of approval, further information was received from the Nebraska Service Center demonstrating that the self-petitioner has, in fact, provided information to mislead the Texas Service Center's acceptance of this petition for review. Consequently, the available information no longer supports the petition's jurisdictional review.

In accordance with 8 CFR 205.2(a), "any Service officer authorized to approve a petition under section 204 of the Act may revoke the approval of that petition upon notice to the petitioner on any ground other than those specified in § 205.1 when the necessity for the revocation comes to the attention of this Service".

New information in the alien's record(s) indicates that—

## PART I

- The intended place of employment in this matter is not within the Texas Service Center's jurisdiction.

The record shows that the self-petitioner has not filled out the Form I-140 in accordance with the petition's instructions. Parts 5 and 6 of the Form I-140 have been left blank. According to the instructions, the petitioner must write "N/A" in a field if information is not relevant or not available. The record as a whole suggests that the self-petitioner omitted this information so as to not reveal the true intent of his or her place of employment. The self-petitioner may need to provide a supplemental Form I-140 with Parts 5 and 6 completed for review.

The record also shows that the self-petitioner reports on Part B of the ETA-750 in line 15(a) that the self-petitioner's current employment is in Michigan. The remaining portion of the record equally supports that the intended place of employment is this same employment in Michigan.

## PART II

- The address provided on the Form I-140 and Form G-28 is not an associated address for the beneficiary and representation.

The addresses provided in the G-28 and in Parts 1 and 3 of the I-140 are all the same address: 8409 Pickwick Lane # 213 / Dallas, TX 75225. In prior applications and petitions the addresses for representation's Forms G-28 and the self-petitioner are in Michigan.

Evidence provided by the State Bar of Michigan indicates that the attorney of record does not hold an office at the address in Dallas, Texas, and evidence provided by the State Bar of Texas also confirms that the attorney of record does not hold an office at the address in Dallas, TX. In fact, the address has been registered to the individual (YARBOUGH, David) since 1999 in the capacity of a potential shipping agent, potential addressing and letter service, and potential packaging service.

This notice serves the dual purpose of notifying representation that without evidence in opposition to the Service's findings, the attorney or record will no longer be recognized in this proceeding pursuant to 8 CFR Part 292 for improper practices before the Service. A copy of this notice is also being sent to the self-petitioner's address on record.

**Section 205** of the INA states:

> *The Attorney General may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under Section 204. Such revocation shall be effective as of the date of approval of any such petition.*

In *Matter of Ho*, 19 I&N Dec. 582 (BIA 1988), it was determined that the director's realization that an error in judgment made in initially approving a visa petition may, in and of itself, be good and sufficient cause for revoking the approval, provided the revised opinion is supported by the record.

Pursuant to Title 8, Code of Federal Regulations, Part 205.2; it is the intent of this Service to revoke the approval of the referenced I-140 immigrant visa petition. The petition falls short of the regulatory requirement for jurisdictional review of this visa petition.

The self-petitioner must show that the place of intended employment falls within the jurisdictional review of the Texas Service Center and that the address provided for Forms I-140 and G-28 is associated with the self-petitioner and the attorney of record.

The self-petitioner is hereby granted a period of thirty (30) days in which to submit evidence in support of the petition and in opposition to its intended revocation. At the conclusion of that thirty-day period, or upon submission of evidence, a final decision will be made.

Sincerely,

Lisa Kehl, Acting Director
Texas Service Center

LK/256

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Entry of Appearance
as Attorney or Representative**

**Appearances** - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. **Availability of Records** - During the time a case is pending, and except as otherwise provided in 8 CFR 103 2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her consent for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re: Uday Sankar NORI | Date: 09/21/2005 |
| | File No. A95246268 |

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

| Name: | | |
| Uday Sankar NORI | ☐ Petitioner | ☑ Applicant |
| | ☐ Beneficiary | |
| Address: (Apt. No.)    (Number & Street) | (City) | (State) | (Zip Code) |
| 539 Under Brook Court | Westerville | OH | 43081 |

| Name: | | |
| | ☐ Petitioner | ☐ Applicant |
| | ☐ Beneficiary | |
| Address: (Apt. No.)    (Number & Street) | (City) | (State) | (Zip Code) |

*Check Applicable Item(s) below:*

☑ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

Michigan                    Supreme Court                    and am not under a court or administrative agency

Name of Court

order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☑ 3. I am associated with Michael E. Piston, P.C.

the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. (*If you check this item, also check item 1 or 2 whichever is appropriate.*)

☐ 4. Others (Explain Fully)

| SIGNATURE | COMPLETE ADDRESS |
| | Michael E. Piston, P.C. |
| | 4000 Livernois Road |
| | Suite 110 |
| | Troy MI 48098 |
| NAME (Type or Print) | TELEPHONE NUMBER |
| Michael E. Piston | (248) 680-0600 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS.*

Michael E. Piston

(Name of Attorney or Representative)

*THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*

All Immigration Matters

| Name of Person Consenting | Signature of Person Consenting | Date |
| Uday Sankar NORI | | 09/21/2005 |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103 20 Et SEQ.

Form G-28 (09/26/00)Y

**MICHAEL E. PISTON, P.C.**
**ATTORNEYS & COUNSELORS AT LAW**
4000 Livernois, Suite 110
Troy, Michigan 48098
(248) 680-0600
FAX: (248) 680-0627
*E-Mail:* immlaw@piston.net

**Michael E. Piston**                **Krista L. Carpenter**                **Lila Sljivar**

September 20, 2005

U.S. Department of Homeland Security
Citizenship & Immigration Services
Texas Service Center
4141 St. Augustine
Dallas, TX 75227

> RE:                    Response to Notice Of Intent To Revoke
> PETITIONER/
> BENEFICIARY:           NORI, Uday
> RECEIPT #:             SRC-02-040-54594
> A#:                    A95246268

Dear Director:

We are now appearing on the behalf of Uday Nori, M.D., the self-petitioner in this matter. You have proposed to revoke this petition for a number of grounds, none of which appear to support revocation.[1] While we understand your concerns that you may have approved this petition upon the misimpression that Dr. Nori was currently employed within the jurisdiction of Texas Service Center, the fact remains that at no time did Dr. Nori or his attorney make such a

---

[1] Although the response to the RFE is nominally due September 23, 2005, 8 C.F.R. §103.5a(b) provides that "Whenever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3 days shall be added to the prescribed period." This means that the response is actually due on Monday, September 26, 2005.

**MICHAEL E. PISTON, P.C.**
ATTORNEY & COUNSELOR AT LAW

Page 2 of 7

representation. Rather, this petition was properly filed with your Center because Dr. Nori did, and continues to, intend to be employed in a place within your jurisdiction when he becomes a permanent resident.

I. THE INTENDED PLACE OF EMPLOYMENT IS THE SOUTHEASTERN UNITED STATES

You state that "as written on the instructions of the I-140 and in 8 CFR § 100.4, if the intended place of employment is within the State of Michigan, the petitioner must file the I-140 with the Nebraska Service Center, which has jurisdiction in this matter."

However, Dr. Nori never intended to work in the State of Michigan when he became a U.S. permanent resident and, in fact, does not work there now. As should be evident from the enclosed affidavit, Dr. Nori has always intended to work within the jurisdictions of the Texas Service Center as soon as he is able to find suitable employment there.

As you point out , "8 C.F.R. § 204.5(b) provides that "Form I-140 or I-360 must be filed with the Service Center having jurisdiction over the intended place of employment, unless specifically designated for local filing by the Associate Commissioner for Examinations."

As indicated in Dr. Nori's enclosed affidavit, his "intended place of employment" has always been a location in the southeastern United States where the climate is closer to that of his native India. It is for this reason that he never intended to stay working in the State of Michigan longer than he had to and in fact he did leave the state in 2004.

In fact, since applying for a National Interest Waiver Dr. Nori has changed employment twice, working first at Indiana University and now at Ohio State University Medical Center as an Assistant Professor in Medicine, Transplant Nephrology. Still he does not intend this as his permanent employment, but merely a temporary position while he continues to seek work in the southeastern United States.

If the regulations stated that a National Interest Waiver petition had to be filed where the beneficiary was currently employed then this notice of intent to revoke would have a valid basis. But they do not. They state that it must be filed in the location where it is "intended" that the beneficiary will work. Since Dr. Nori intended to work in the southeastern United States when he

**MICHAEL E. PISTON, P.C.**
ATTORNEY & COUNSELOR AT LAW

Page 3 of 7

filed this petition (and still does) he was required by that regulation to file his petition with the Texas Service Center.

## II. THERE IS NO REQUIREMENT THAT ONE HAVE A FIRM OFFER OF EMPLOYMENT WITHIN THE JURISDICTION OF TSC TO FILE A NATIONAL INTEREST WAIVER PETITION THERE

One might argue, however, that because Dr. Nori did not have a firm offer of employment in a location within the jurisdiction of the TSC when he filed his National Interest Waiver that therefore he had no basis for considering that his intended place of employment regardless of his plans. However, consider the practical implications in such a rule. Dr. Nori knew for a fact when he filed this petition that he would not be staying in his current employment as an internist. Indeed, he left that job in 2002 for a fellowship in Nephrology & HTN, moved again in 2004 to pursue a fellowship in Transplant Nephrology at Indiana University, and moved a third time to accept a faculty position at Ohio State University in 2005. Therefore, he knew he had no offer of employment which was likely to applicable when he became a permanent resident when he filed this petition. If the rule is that a National Interest Waiver petition can only be filed in a jurisdiction where the beneficiary knows for an absolute fact he will be working when he becomes a permanent resident (rather than where he "intends" to work, as the regulations actually provide) Dr. Nori would not have been able to file his petition anywhere at all!

This, of course, would be completely contrary to the whole purpose of a National Interest Waiver petition which is to allow the Secretary of Homeland Security to waive the requirement of a job offer to persons whose immigration to the United States would benefit the national interest. What reason or logic, then, is there in requiring that an applicant for a National Interest Waiver have a firm offer of employment within the jurisdiction of the service center considering his application if there is no requirement of a job offer at all?

In short, by filing this petition with the Texas Service Center Dr. Nori was filing his application with the office with jurisdiction over the area in which he, in good faith, intended to be employed when he became a permanent resident. In doing so he complied with both the letter and spirit of the applicable regulations.

As it turns out, Dr. Nori still has not found employment in the southeastern United States. Transplantation Nephrology is a highly specialized field and job offers in it are few and far between. Dr. Nori continues to seek employment in the southeastern United States and is

**MICHAEL E. PISTON, P.C.**
ATTORNEY & COUNSELOR AT LAW

Page 4 of 7

confident that he will find a position prior to becoming a U.S. permanent resident. Given the fact that the visa cut off date for Indian second preference will retrogress to January 1, 1998, effective October 1, 2005, Dr. Nori still has plenty of time to find employment in the southeastern United States before his adjustment can be completed. Accordingly, since Dr. Nori does intend to work in the southeastern United States when he becomes a permanent resident, the Texas Service Center is the service center with jurisdiction over his Form I-140.

III. DR. NORI'S FORM I-140 WAS CORRECTLY COMPLETED

You have suggested that the self petitioner omitted the information in Parts 5 and 6 of the Form I-140 to "not reveal the true intent of his or her place of employment". In fact, this information was omitted because the petitioner was applying for a waiver of the job offer requirement and therefore quite reasonably believed that this information was not applicable. Nor would Dr. Nori have conveyed any more information to your office if he had responded "N/A" to the questions he left blank.

With respect, if your office felt the way Dr. Nori completed his form I-140 was inappropriate, the proper course of action would have been to issue a request for evidence prior to the petition being approved, not a notice of intent to revoke nearly four years later. In any event, Dr. Nori has now prepared a supplemental form I-140 reflecting the fact that the intended employment will be in a location to be determined in the southeastern United States.

IV. WHILE DR. NORI FULLY DISCLOSED THAT HE WORKED IN MICHIGAN AT THE TIME OF FILING, HE DOES NOT WORK THERE NOW, NOR DOES HE INTEND TO IN THE FUTURE.

You also stated that "the record also shows that the self petitioner reports on Part B of the ETA-750 in Line 15(a) that the self petitioner's current employment is in Michigan."

This was true at the time of the filing of this petition and accordingly, entirely disproves the suggestion that Dr. Nori was intending to mislead the TSC regarding his intended place of employment. Quite the contrary, this demonstrates that Dr. Nori made a full disclosure of the relevant facts and the director approved this petition with certain knowledge that Dr. Nori was not currently employed in a location within TSC's jurisdiction.

## MICHAEL E. PISTON, P.C.
ATTORNEY & COUNSELOR AT LAW

Page 5 of 7

You go on to state that "the remaining portion of the record equally supports that the intended place of employment is the same employment in Michigan".

We disagree. There is, in fact, nothing in the record to support the argument that Dr. Nori's intended place of employment, when he becomes a permanent resident, is this "same employment" in Michigan. In fact, as mentioned before, Dr. Nori stopped working in this same employment as an Internist in 2002 and hasn't worked in Michigan at all since 2004. Further, as indicated in his affidavit he never intended to work in Michigan when he became a permanent resident. There is nothing in the record to the contrary.

## V. THERE IS NOTHING IMPROPER IN THE PETITIONER'S ATTORNEY USING A MAILING ADDRESS, OR LISTING DR. NORI'S ADDRESS AS CARE OF THAT ADDRESS

You state that "the address provided on the Form I-140 and Form G-28 is not an associated address for the beneficiary and representation."

The address provided on the Form I-140 and Form G-28 is a "mailing address". The director of the Texas Service Center is surely acquainted with the concept of a mailing address because he uses one himself. The Texas Service Center is not located at Post Office Box 850965, Mesquite, Texas 75185-0965. The director does not do business in the Post Office, and certainly not in a box.

Likewise Theodore Sherman does not do business at 8409 Pickwick Lane, No. 213, Dallas, Texas 75225. This is a private mail box facility used by Mr. Sherman for his convenience. It hardly matters that the State of Michigan does not list this as an address for Theodore Sherman nor the State Bar of Texas. The State Bar of Michigan does not require that attorneys register with it all of their mailing addresses and Mr. Sherman is not required to be a member of the State Bar of Texas to practice before the United States Citizenship and Immigration Services there (he need only be admitted to practice in any state per 5 U.S.C. § 500(b)) and, in fact, is not a member of the State Bar of Texas. Therefore there is no reason why either group should have any record of his Texas mailing address.

Finally, Dr. Nori's address is listed in c/o Theodore Sherman, again at his mailing address in Texas, again, for convenience purposes. As Mr. Sherman explains in his enclosed affidavit, problems occasionally arise with mail directly being addressed to clients of his office rather than the attorney and then going astray. Therefore, for convenience purposes, and to make sure that he

**MICHAEL E. PISTON, P.C.**
ATTORNEY & COUNSELOR AT LAW

Page 6 of 7

gets all correspondence intended for his clients (as implicitly required by 8 C.F.R. § 292.5(b)), Mr. Sherman listed Dr. Nori's address on the form I-140 as care of his mailing address.

Clearly, the director was not misled in any material way by Mr. Sherman using a mailing address for himself and his clients. As the director notes, form ETA 750 filed in this matter listed Dr. Nori's then current address in Michigan, both residence and work. Further, the director surely could not have believed that Dr. Nori lived, or even worked as a physician in his attorney's office. The director certainly was aware that Dr. Nori's address was in care of his attorney for convenience purposes. Of course there is nothing inappropriate with this since the form I-140 specifically offers a "care of" option for the beneficiary's address. The beneficiary and his attorney can hardly be blamed for exercising the options provided for them on the official (then) INS form, nor for adopting the same convenience of a mailing address which the Texas Service Center uses itself.[2]

## VI. THE NOTICE OF INTENT TO REVOKE IS UNTIMELY

Finally, even if there was good cause for revocation, it is untimely. According to 8 C.F.R. § 205.2(a), the Service may revoke the approval of a visa petition ``when the necessity for the revocation comes to the attention of the Service.'' Such revocation must be predicated on ``good and sufficient cause.'' Section 205 of the Act, 8 U.S.C. § 1155; *Matter of Tawfik*, 20 I. & N. Dec. 166, 167 (BIA 1990); *Matter of Estime*, 19 I. & N. Dec. 450, 451 (BIA 1987).

Here, all the material facts upon which this notice is premised - that Dr. Nori was living and working in the State of Michigan when he filed his I-140 - were fully disclosed on the form ETA 750B form filed with the petition and thus certainly known to the director when this petition was filed. The only "new" information referenced in the notice of intent to deny is the determination that Theodore Sherman does not practice law in the State of Texas. Neither 8 C.F.R. § 204.5(b) nor any other provision of the regulations grants the TSC jurisdiction over petitions filed by attorneys with offices within its jurisdiction. Therefore the physical location of Theodore Sherman's Law Offices are entirely immaterial to the issues in the Notice. Whatever good and sufficient cause there is for the revocation here, it cannot be that Theodore Sherman does not practice law in Texas.

---

[2]Nor is there anything improper in an organization having a mailing address in a state different from its physical location. The National Benefits Center in Missouri, for example, receives all of its mail in Illinois.

**MICHAEL E. PISTON, P.C.**
ATTORNEY & COUNSELOR AT LAW

Page 7 of 7

Since the director was fully aware of all the material facts upon which this notice is premised at the time the I-140 was approved, issuing a Notice of Intent to Revoke on these grounds now, nearly 4 years later, is contrary to the requirement that the notice be filed **"when the necessity for the revocation comes to the attention of this Service"**. Further, Dr. Nori has relied upon the approval of this petition. Because of the approval of this petition he has foregone other opportunities he might have had to refile his petition in another Service Center, or find an employer willing to sponsor him for permanent residency through labor certification. If he has to start his process of applying for permanent residency all over again now, it will be with a far later priority date, a fact of critical importance given the severe retrogression of the Indian Employment Based Second Preference Visa Cut off date to January 1, 1998.

CONCLUSION

In short, the evidence submitted with this response demonstrates that the intended place of employment is within the jurisdiction of the Texas Service Center, since this is where Dr. Nori intends to work when he becomes a permanent resident. Given the fact that the benefit which Dr. Nori is seeking is a waiver of a job offer requirement, there is no need for him to be any more specific than this. There is no requirement that one have a specific job offer at the time of the filing of the national interest waiver petition within the confines of the Texas Service Center for the TSC to take jurisdiction over this petition, since otherwise a person such as Dr. Nori, who knew full well that he would not be working at his current location when he became a permanent resident and had no idea exactly where he would be working when he got his "green card" (and still does not) would not be able to file his petition with any service center at all. Even if there is good cause for revocation, it is untimely, and Dr. Nori has been prejudiced by the delay.

Accordingly, there is no good cause for revocation of this petition and the notice of intent to revoke should be withdrawn. If, nevertheless, the director does chose to revoke his approval of this petition, then the appropriate course would be to forward it unadjudicated, with Dr. Nori's I-485, to whichever Service Center is thought to have jurisdiction over this matter.

Sincerely

Michael E. Piston

U.S. Department of Homeland Security
Bureau of Citizenship and Immigration Services

OMB No. 1615-0015; Exp. 8-31-04

**I-140, Immigrant Petition for Alien Worker**

**START HERE - Please Type or Print in Black Ink.**

| | FOR CIS USE ONLY |
|---|---|

**Part 1.    Information about the person or organization filing this petition.**
If an individual is filing, use the top name line. Organizations should use the second line.

| Family Name (Last Name) | Given Name (First Name) | Full Middle Name |
|---|---|---|
| NORI | Uday | Sankar |

Company or Organization Name
Not Applicable

Address: (Street Number and Name)    Suite #
539 Under Brook Court

Attn:
Uday Sankar NORI

City
Westerville

State/Province
OH

Country
USA

Zip/Postal Code
43081

| IRS Tax # | Social Security # (if any) | E-Mail Address (if any) |
|---|---|---|
| Not Applicable | 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 | udaynori@hotmail.com |

**FOR CIS USE ONLY**

| Returned | Receipt |
|---|---|
| Date | |
| Date | |
| Resubmitted | |
| Date | |
| Date | |
| Reloc Sent | |
| Date | |
| Date | |
| Reloc Rec'd | |
| Date | |
| Date | |

**Part 2.   Petition type.**

This petition is being filed for: (Check one)
a. ☐ An alien of extraordinary ability.
b. ☐ An outstanding professor or researcher.
c. ☐ A multinational executive or manager.
d. ☐ A member of the professions holding an advanced degree or an alien of exceptional ability (who is NOT seeking a National Interest Waiver).
e. ☐ A professional (at a minimum, possessing a bachelor's degree or a foreign degree equivalent to a U.S. bachelor's degree) or a skilled worker (requiring at least two years of specialized training or experience).
f. ☐ (Reserved )
g. ☐ Any other worker (requiring less than two years of training or experience).
h. ☐ Soviet Scientist.
i. ☑ An alien applying for a National Interest Waiver (who IS a member of the professions holding an advanced degree or an alien of exceptional ability).

**Classification:**
☐ 203(b)(1)(A) Alien of Extraordinary Ability
☐ 203(b)(1)(B) Outstanding Professor or Researcher
☐ 203(b)(1)(C) Multi-National Executive or Manager
☐ 203(b)(2) Member of Professions w/Adv. Degree or Exceptional Ability
☐ 203(b)(3)(A)(i) Skilled Worker
☐ 203(b)(3)(A)(ii) Professional
☐ 203(b)(3)(A)(iii) Other Worker

**Certification:**
☐ National Interest Waiver (NIW)
☐ Schedule A, Group I
☐ Schedule A, Group II

**Part 3.    Information about the person you are filing for.**

| Family Name (Last Name) | Given Name (First Name) | Full Middle Name |
|---|---|---|
| NORI | Uday | Sankar |

Address: (Street Number and Name)    Apt. #
539 Under Brook Court

C/O: (In Care Of)

City
Westerville

State/Province
OH

Country
USA

Zip/Postal Code
43081

E-Mail Address (if any)
udaynori@hotmail.com

| Daytime Phone # (with area/country code) | Date of Birth (mm/dd/yyyy) |
|---|---|
| 614-293-4997 | 08/13/1967 |

| City/Town/Village of Birth | State/Province of Birth | Country of Birth |
|---|---|---|
| Vijayawada | Andhra Pradesh | India |

| Country of Nationality/Citizenship | A # (if any) | Social Security # (if any) |
|---|---|---|
| India/Indian | 95246268 | 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 |

| Priority Date | Consulate |
|---|---|

**Concurrent Filing:**
☐    I-485 filed concurrently.

**Remarks**

**Action Block**

| | IF | Date of Arrival (mm/dd/yyyy) | I-94 # (Arrival/Departure Document) |
|---|---|---|---|
| | IN | 11/08/2003 | 920543700 09 |
| | THE | Current Nonimmigrant Status | Date Status Expires (mm/dd/yyyy) |
| | U.S. | AOS Pending | N/A |

**To Be Completed by**
*Attorney or Representative, if any.*
☑ Fill in box if G-28 is attached to represent the applicant.
ATTY State License #
P34568

Form I-140 (Rev. 04/16/04)Y

## Part 4.   Processing Information.

1. Please complete the following for the person named in Part 3: *(Check one)*

☐ Alien will apply for a visa abroad at the American Embassy or Consulate at:

| City | Foreign Country |
|---|---|
| | |

☑ Alien is in the United States and will apply for adjustment of status to that of lawful permanent resident.
Alien's country of current residence or, if now in the U.S., last permanent residence abroad.

IF-1, Kusuma Iowers, Ashok Nagar, Vijayawada, Andhra Pradesh, 520010 INDIA

2. If you provided a U.S. address in Part 3, print the person's foreign address:

IF-1, Kusuma Iowers, Ashok Nagar, Vijayawada, Andhra Pradesh, 520010 INDIA

3. If the person's native alphabet is other than Roman letters, write the person's foreign name and address in the native alphabet:



4. Are any other petition(s) or application(s) being filed with this Form I-140?   ☑ No   ☐ Yes-(check all that apply)   ☐ Form I-485   ☐ Form I-765
☐ Form I-131   ☐ Other - attach explanation

5. Is the person you are filing for in removal proceedings?   ☑ No   ☐ Yes-attach an explanation

6. Has any immigrant visa petition ever been filed by or on behalf of this person?   ☐ No   ☑ Yes-attach an explanation

If you answered yes to any of these questions, please provide the case number, office location, date of decision and disposition of the decision on a separate sheet(s) of paper.

## Part 5.   Additional information about the petitioner.

1. Type of petitioner *(Check one)*.

☐ Employer   ☑ Self   ☐ Other (Explain, e.g., Permanent Resident, U.S. Citzen or any other person filing on behalf of the alien.)



2. If a company, give the following:

| Type of Business | Date Established *(mm/dd/yyyy)* | Current Number of Employees |
|---|---|---|
| Not Applicable | Not Applicable | Not Applicable |

| Gross Annual Income | Net Annual Income | NAICS Code |
|---|---|---|
| Not Applicable | Not Applicable | N/A |

DOL/ETA Case Number   Not Applicable

3. If an individual, give the following:

| Occupation | Annual Income |
|---|---|
| Not Applicable | Not Applicable |

## Part 6.   Basic information about the proposed employment.

| 1. Job Title | 2. SOC Code |
|---|---|
| Not Applicable | N/A — |

3. Nontechnical Description of Job

Not Applicable



4. Address where the person will work if different from address in Part 1.

A location to be determined in the Southeastern United States.

5. Is this a full-time position?   ☐ Yes   ☐ No   N/A

6. If the answer to Number 5 is "No," how many hours per week for the position?

Not Applicable

7. Is this a permanent position?   ☐ Yes   ☐ No   N/A

8. Is this a new position?   ☐ Yes   ☐ No   N/A

9. Wages per week

Not Applicable

**Part 7.   Information on spouse and all children of the person for whom you are filing.**

List husband/wife and all children related to the individual for whom the petition is being filed. Provide an attachment of additional family members, if needed.

| Name (First/Middle/Last) | Relationship | Date of Birth (mm/dd/yyyy) | Country of Birth |
|---|---|---|---|
| Geetha NORI | Wife | 04/16/1971 | India |
| Sandhya NORI | Daughter | 12/07/1999 | USA |
| Sadhana NORI | Daughter | 12/01/2004 | USA |
| | | | |
| | | | |
| | | | |

**Part 8.   Signature.**   *Read the information on penalties in the instructions before completing this section. If someone helped you prepare this petition, he or she must complete Part 9.*

I certify, under penalty of perjury under the laws of the United States of America, that this petition and the evidence submitted with it are all true and correct. I authorize the Bureau of Citizenship and Immigration Services to release to other government agencies any information from my CIS (or former INS) records, if the CIS determines that such action is necessary to determine eligibility for the benefit sought.

| Petitioner's Signature | Daytime Phone Number (Area/Country Code) | E-mail Address |
|---|---|---|
| | 614-293-4997 | udaynori@hotmail.com |

| Print Name | Date (mm/dd/yyyy) |
|---|---|
| Uday Sankar NORI | 09/21/2005 |

**Please Note:** *If you do not fully complete this form or fail to submit the required documents listed in the instructions, a final decision on your petition may be delayed or the petition may be denied.*

**Part 9.   Signature of person preparing form, if other than above.**   *(Sign below)*

I declare that I prepared this petition at the request of the above person and it is based on all information of which I have knowledge.

**Attorney or Representative:** In the event of a Request for Evidence (RFE), may the CIS contact you by Fax or E-mail?   ☑ Yes   ☐ No

| Signature | Print Name | Date (mm/dd/yyyy) |
|---|---|---|
| | Michael E. Piston | 09/21/2005 |

**Firm Name and Address**

Michael E. Piston, P.C.
4000 Livernois Road, Suite 110
Troy MI 48098

| Daytime Phone Number (Area/Country Code) | Fax Number (Area/Country Code) | E-mail Address |
|---|---|---|
| (248) 680-0600 | (248) 680-0627 | michael@piston.net |

Use this space for any additional information

Addendum to I-140; Uday S. Nori A 95246268

Page Two Part 6

See attached I-140 Approval Notice dated 03/21/2002, Receipt Number SRC-02-040-54594.

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>SRC-02-040-54594 | | CASE TYPE  I140<br>IMMIGRANT PETITION FOR ALIEN WORKER |
|---|---|---|
| RECEIPT DATE<br>November 19, 2001 | PRIORITY DATE<br>November 19, 2001 | PETITIONER<br>NORI, UDAY |
| NOTICE DATE<br>March 21, 2002 | PAGE<br>1 of 1 | BENEFICIARY  A95 246 268<br>NORI, UDAY |

| | |
|---|---|
| UDAY NORI<br>C/O LAW OFFICE OF THEODORE SHERMAN<br>8409 PICKWICK LN 213<br>DALLAS TX 75225 | Notice Type:  Approval Notice<br>Section: Mem of Profession w/Adv Deg,or<br>    of Exceptn'l Ability<br>    Sec 203(b)(2) |

Courtesy Copy: Original sent to: SHERMAN, THEODORE

This courtesy notice is to advise you of action taken on this case. The official notice has been mailed to the attorney or representative indicated above. Any relevant documentation included in the notice was also mailed as part of the official notice.

The above petition for a NATIONAL INTEREST WAIVER-PHYSICIAN (NIW PHYSICIAN) has been approved. The person for whom you are petitioning in the United States and will apply for adjustment of status. If the person for whom you are petitioning is or becomes eligible to apply for adjustment of status, he or she should submit a copy of this notice with Form I-485 Application for permanent Residence, with appropriate fee, to this Service Center. Additional information about eligibility for adjustment of status may be obtained from the local INS office serving the area where he or she lives, or by calling 1-800-375-5283 He or she should contact the local INS office to obtain Form I-485 Application for Permanent Residence.

Pursuant to 8 CFR 203(b)(2) the Form I-485, if filed, cannot be adjudicated until the applicant completes 3 or 5 (whichever is applicable) years of employment in an underserved area.

If the person for whom you are petitioning decides to apply for an immigrant visa outside the United States based upon this petition, the petitioner should file Form I-824, Application for Further Action on an Approved Application or Petition, with this office to request that we send the petition to the Department of State National Visa Center (NVC). NVC processes all approved immigrant visa petitions that need consular action. It also determines which consular post is the appropriate consulate to complete visa processing. The NVC will then forward the approved petition to that consulate.

---

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
TEXAS SERVICE CENTER
P O BOX 851488 - DEPT A
MESQUITE TX 75185-1488
Customer Service Telephone: (214) 381-1423



Form I-797C (Rev. 09/07/93) N

AFFIDAVIT OF UDAY SANKAR NORI, M.D.

Uday Sankar Nori, M.D., for his affidavit testifies as follows:

1. I have filed a national interest waiver to Texas Service Center which it now proposes to revoke because I supposedly do not intend to work in a state over which the Texas Service Center has jurisdiction.

2. It has been, since prior to filing this petition, and continues to be, my intention to work in a state in the southeastern United States, as soon as I find suitable employment therein.

3. When I filed my petition for a national interest waiver, my attorney, Theodore Sherman, explained to me that a national interest waiver was a request to the immigration service to waive the normal requirement of a job offer on the grounds that my immigration to the United States would benefit the national interest regardless of who I worked for.

4. Consequently, I understood, and continue to understand that it was not necessary for me to get a national interest waiver that I actually have a specific job in my field.

5. Rather, I understood that all was necessary is that I intend to work in the medical profession in the United States.

6. I am from India, a country which is considerably warmer than all but the warmest parts of the United States. Although I can put up with the cold if I have to, it has been my intention for a long time, particularly after I came here and experienced the bitter cold of Michigan winters, to ultimately find employment in the southeastern United States as soon as I could reasonably do so within the parameters of my career goals.

7. While I've never had any particular state completely in mind, but, rather, would be willing to work almost anywhere in the southeastern United States I could find work, my first choice has always been Florida due to its warm climate and relatively cosmopolitan lifestyle.

8. At the time I filed this petition though, I really didn't know exactly where I would be working as a permanent resident, and I still don't.

9. Nevertheless, my intention was, and is, that I will work in the southeastern United States.

10. When I filed this petition I was employed as an Internist at Henry Ford Hospital in Detroit, Michigan.

11. Nevertheless, I saw no reason to file my petition with the Nebraska Service Center, which I understood to be the service center with jurisdiction over the state of Michigan, simply because while I wasn't absolutely certain where I would work when I became a permanent resident, I knew perfectly well that I would no longer be at Henry Ford Hospital.

12. As I said before, I had experienced the bitterness of the Michigan winters at that point and

knew that I didn't want to stay there any longer than I absolutely had to.

13. Further, I knew that I did not want to remain an internist, the job I had at Henry Ford Hospital. Rather, it was my intention to pursue my long-term goal of specializing in transplantation medicine as soon as I could.

14. My subsequent career history, I believe, shows the sincerity of my comments.

15. After filing this petition, I obtained a fellowship, again at Henry Ford Hospital, in Nephrology and Hypertension.

16. However, in 2004 I moved to Indiana University in Indianapolis, Indiana and pursued a fellowship in transplant Nephrology.

17. In 2005 I moved again to accept a faculty position in transplant Nephrology at Ohio State University.

18. In short, when I filed this petition I really had no certain knowledge of exactly where I would work when I became a permanent resident but I intended that it be in the southeastern United States because of the climate there.

19. This continues to be my intention, and therefore I believe I acted properly in filing this petition with the Texas Service Center.

I declare under penalty of perjury that the foregoing is true and correct.


_____
Uday Sankar Nori, M.D.
DATE: 09/21/2005

AFFIDAVIT OF THEODORE SHERMAN

Theodore Sherman for his affidavit states as follows:

1.      I was the attorney of record in Uday Nori's form I-140, Case No. SRC0204054594 at the time of the filing and approval of this petition.

2.      I maintain a mailing address at 8409 Pickwick Lane, No. 213, Dallas, Texas 75225.

3.      This location is a "UPS Store" which provides mail forwarding services for its customers. It receives mail addressed to its customers at the location and then forwards it on to their physical locations.

4.      I use this mailing address as a convenience for myself and my clients.

5. For example, one of the reasons why we established this mailing address was because of the fact that we might change addresses in the future and did not want to have to go through all the trouble of filing new notices of appearances in all of our cases to reflect our new physical address. Rather, it would be much simpler for us merely to change our address with the forwarding service at the mailing address location.

6.      I cannot possibly imagine how anyone could accuse me of attempting to mislead the Texas Service Center by using a mailing address when the law does not provide that the Texas Service Center may have jurisdiction over a petition simply because the attorney has an address within its jurisdiction.

7.      Further, I placed Dr. Nori's address on the form I-140 as in care of my mailing address to make sure that I received all mail intended for Dr. Nori.

8.      Unfortunately, I and other attorneys have had the experience of the CIS sending mail directly to my clients even though I had a notice of appearance on file for them.

9.      Occasionally, this can even lead to papers being misplaced as clients have a tendency to frequently change addresses.

10.     I am not aware of any requirements of the State Bar of Michigan that I register all of my mailing addresses with them.

11.     Rather, the State of Bar of Michigan merely requires that I give it one address to which I wish my mail from the State Bar to be sent.

12.     I am not a member of the State Bar of Texas and therefore there is no reason why the State Bar of Texas should be aware of my mailing address in that state.

I declare under penalty of perjury the foregoing is true and correct.

Theodore Sherman
Attorney at Law
Dated: 9/21/05

From:  Origin ID:  (248)680-0600
Deanna Swanson
Michael E. Piston, P.C.
4000 Livernois, Suite 110

Troy, MI 48098



Ship Date: 23SEP05
Actual Wgt: 1 LB
System#: 4957512/INET2200
Account#: S *********

REF: NORI

Delivery Address Bar Code

SHIP TO:   (248)524-1936          BILL SENDER
**U.S.C.I.S Texas Service Center**

**4141 St. Augustine**

**Dallas, TX 75227**



**STANDARD OVERNIGHT**                    **MON**
                                          Deliver By:
TRK#  **7925 3555 9909**    FORM      26SEP05
                            0201
                                      **DFW**    A2

**75227**    -TX-US

**NI GVTA**

---

Shipping Label: Your shipment is complete
1.  Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2.  Fold the printed page along the horizontal line.
3.  Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

From: Origin ID: (248)680-0600
Deanna Swanson
Michael E. Piston, P.C.
4000 Livernois, Suite 110

Troy, MI 48098


FedEx
Express

Ship Date: 17FEB06
ActWgt: 1 LB
System#: 4957512/INET2400
Account#: S *********

REF: Nori I-140 Appeal



Delivery Address Bar Code

SHIP TO: (248)524-1936    BILL SENDER

**U.S.C.I.S Texas Service Center**

**4141 St. Augustine**

**Dallas, TX 75227**

**STANDARD OVERNIGHT**      **MON**
Deliver By:
20FEB06

TRK#   **7918 6545 2880**   FORM 0201

DFW    A2

**75227**   -TX-US

# NI GVTA



---

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

## THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>SRC-06-110-51696 | CASE TYPE  I290B<br>NOTICE OF APPEAL TO THE COMMISSIONER |
|---|---|
| RECEIVED DATE<br>February 21, 2006 | PRIORITY DATE | PETITIONER<br>NORI, UDAY |
| NOTICE DATE<br>February 21, 2006 | PAGE<br>1 of 1 | BENEFICIARY  A95 246 268<br>NORI, UDAY |

| MICHAEL E PISTON<br>4000 LIVERNOIS RD STE<br>TROY MI 48098 | RECEIVED  FEB 2 7 2006 | Notice Type:  Receipt Notice<br><br>Amount received: $ 385.00 |
|---|---|---|

Receipt notice - If any of the above information is incorrect, call customer service immediately

Processing time - Processing times vary by kind of case.
- You can check our current processing time for this kind of case on our website at uscis.gov.
- On our website you can also sign up to get free e-mail updates as we complete key processing steps on this case.
- Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
- We will notify you by mail when we make a decision on this case, or if we need something from you. If you move while this case is pending, call customer service when you move.
- Processing times can change. If you don't get a decision or update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service. Please save this notice, and have it with you if you contact us about this case.

**Notice to all customers with a pending I-130 petition** - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States. Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to **www.state.gov/travel** <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283

**If this receipt is for an I-485, or I-698 application**
USCIS WILL SCHEDULE YOUR BIOMETRICS APPOINTMENT. You will be receiving a biometrics appointment notice with a specific time, date and place where you will have your fingerprints and/or photos taken. You MUST wait for your biometrics appointment notice prior to going to the ASC for biometrics processing. This I-797 receipt notice is NOT your biometrics appointment notice and should not be taken to an ASC for biometrics processing.

**WHAT TO BRING TO YOUR BIOMETRICS APPOINTMENT-**
**Please bring your biometrics appointment letter (with specific time, date and place where you will have your fingerprints and/or photo taken) AND your photo identification to your biometrics appointment.**
Acceptable kinds of photo identification are:
- a passport or national photo identification issued by your country,
- a drivers license,
- a military photo identification, or
- a state - issued photo identification card.

Always remember to call customer service if you move while your case is pending. If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

---

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
TEXAS SERVICE CENTER
P O BOX 851488 - DEPT A
MESQUITE TX 75185-1488
Customer Service Telephone: (800) 375-5283



Form I-797C (Rev. 08/31/04) N

U.S. Department of Homeland Security
20 Mass. Ave., N.W., Rm. A3042
Washington, DC 20529



U.S. Citizenship
and Immigration
Services

UDAY NORI
539 UNDER BROOK CT.
WATERVILLE, OH 43081

FILE:         A95 246 268        Office: TEXAS SERVICE CENTER   Date:   MAY 18 2006
             SRC 02 040 54594

IN RE:      Petitioner:   UDAY NORI
           Beneficiary:  UDAY NORI

PETITION:   Immigrant Petition for Alien Worker as a Member of the Professions Holding an Advanced
            Degree or an Alien of Exceptional Ability Pursuant to Section 203(b)(2) of the Immigration
            and Nationality Act, 8 U.S.C. § 1153(b)(2)

ON BEHALF OF PETITIONER:

MICHAEL PISTON, P.C.
4000 LIVERNOIS RD., SUITE 110
TROY, MI 48098

INSTRUCTIONS:

This is the decision of the Administrative Appeals Office in your case. All documents have been returned to
the office that originally decided your case. Any further inquiry must be made to that office.

Robert P. Wiemann, Chief
Administrative Appeals Office

A96 350 922
Page 2

**DISCUSSION:**    The Director, Texas Service Center, initially approved the employment-based immigrant visa petition. Upon further review, the director determined that the petition had been approved in error. The director properly served the petitioner with a notice of intent to revoke, and subsequently revoked the approval of the petition. The matter is now before the Administrative Appeals Office (AAO) on appeal. The appeal will be rejected. The AAO will return the matter for further action by the director.

The petitioner seeks classification pursuant to section 203(b)(2) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1153(b)(2), as a member of the professions holding an advanced degree. The petitioner asserts that an exemption from the requirement of a job offer, and thus of a labor certification, is in the national interest of the United States.

Accompanying the initial filing of the Form I-140 was an undated Form G-28, Notice of Entry of Appearance as Attorney or Representative, signed by attorney Theodore Sherman listing a Texas address. In a June 3, 2005 response to a request for additional evidence relating to the concurrently filed Form I-485, Mr. Sherman provided a Michigan address. On August 24, 2005, the director issued a notice of intent to revoke the approval of the Form I-140 petition to the petitioner in care of the attorney at the attorney's Texas address. On October 5, 2005, the director issued a final notice of revocation to the petitioner at an address in Indiana. The director's decision does not acknowledge receiving a response to the notice of intent to revoke.

The Form I-290B Notice of Appeal was prepared and signed by current counsel, and submitted with a G-28 signed by counsel. Counsel argues that the director should never have sent the revocation notice to the petitioner at an Indiana address because the petitioner's response to the notice of intent to revoke included a change of address for the petitioner and a G-28 for current counsel.

The appeal was filed on February 21, 2006, more than four months after the decision was rendered. According to the pertinent regulations, the appeal was not timely filed. The regulation at 8 C.F.R. § 205.2(d) states that revocations of approvals must be appealed within 15 days after the service of the notice of revocation. Any service errors by the director do not supersede the pertinent regulations.

We note, at the same time, that the director has never issued any relevant notices to the petitioner himself or his counsel. The regulation at 8 C.F.R. § 103.5a(a)(1) defines "routine service" as mailing a copy by ordinary mail addressed to a person at his last known address. The regulation at 8 C.F.R. § 103.5a(b) states that service by mail is complete upon mailing. Here, because the director addressed the notice of revocation to the petitioner at an old address and did not send a copy to counsel as required by 8 C.F.R. § 292.5(a), the director has arguably never served the notice of denial. Thus, the self-petitioning alien has never had the opportunity to file a timely appeal. The director must reissue the denial notice in order to give the actual petitioner that opportunity.

We note that the director has the discretion to review the evidence in the record, including the response to the notice of intent to revoke, in order to determine whether it may be more appropriate to reopen the matter, pursuant to 8 C.F.R. § 103.5(a)(5)(ii), and issue a new, modified decision rather than simply reissue the prior decision.

A96 350 922
Page 3


The appeal is untimely. Therefore, the appeal has not been properly filed, and must be rejected. The director must serve a newly dated copy of the decision, properly addressed to the petitioner.

**ORDER:**     The appeal is rejected. The matter is returned to the director for the limited purpose of the reissuance of the decision.



**U.S. Department of Homeland Security**
Citizenship and Immigration Services

*Texas Service Center*
*Post Office Box 850965*
*Mesquite, Texas 75185-0965*



DATE: June 3, 2006

TO:    Michael Piston, P C
       4000 Livernois Rd, Ste 110
       Troy, MI 48098

Petitioner: Self

Beneficiary: NORI, Uday

## NOTICE OF REVOCATION

**IN THE MATTER OF:** Visa Petition EB-2, National Interest Waiver
Immigrant Petition
for Alien Worker

**FILE NO.: SRC0204054594**
**A: A95246268**

### PLEASE TAKE NOTICE THAT THE FOLLOWING ACTION HAS BEEN TAKEN IN THE ABOVE ENTITLED MATTER:

SEE ATTACHMENT

You may appeal this decision to the Administrative Appeals Office, if you wish, by completing the enclosed Form I-290B (Notice of Appeal to the Administrative Appeals Unit) and filing it with this office together with the appropriate fee. Your Notice of Appeal must be filed within 15 days of this notice. A brief or other written statement in support of your appeal may be submitted with the Notice of Appeal. This decision is final if no appeal is filed within the time allowed.

Sincerely,

Evelyn M. Upchurch, Director
Texas Service Center
EMU/256

## ATTACHMENT

Reference is made to the Immigrant Petition for Alien Worker (Form I-140) that the petitioner filed on behalf of himself on November 19, 2001

This notice is served upon the self-petitioner in accordance with the Administrative Appeals Office's limited order to reissue the decision.

The reasons for revocation were explained in the notice of Intent to Revoke dated August 24, 2005. At that time the petitioner was given thirty (30) days to submit evidence in support of the petition. To date, the record does not overcome the grounds for revocation.

As cited in the NOTICE OF INTENT TO REVOKE, *Form I-140 or 360 must be filed with the Service Center having jurisdiction over the intended place of employment.*

U.S.CIS finds that at the time of filing the visa petition, the Texas Service did not have jurisdiction in the visa petition proceeding and that the pertinent information provided misled the Texas Service Center to accept jurisdictional review of the visa petition where the truth in this matter did not provide for the Texas Service Center to have jurisdictional review. The visa petition must have been filed under the jurisdiction of the Nebraska Service or possibly the Vermont Service Center for review. The record suggests the prior counsel (representation at the time of filing the visa petition) or the self-petitioner already knew the jurisdiction requirements because of prior visa petition filings, but proceeded to file outside of jurisdiction because of unfavorable decisions in the prior visa petitions.

U.S.CIS also finds improper practices of the self-petitioner's prior counsel (representation at the time of filing the visa petition) pursuant to 8 CFR 292 as cited in the notice of Intent to Revoke. The self-petitioner's prior counsel, who initially represented the self-petitioner at the time of filing the visa petition, will no longer be recognized in this visa petition proceeding.

In *Matter of Ho*, 19 I&N Dec. 582 (BIA 1988), it was determined that the director's realization that an error in judgment made in initially approving a visa petition may, in and of itself, be good and sufficient cause for revoking the approval, provided the revised opinion is supported by the record.

The alien's record contains substantial evidence supporting this revocation decision, the original approval having overestimated eligibility, which was challenged by later-revealed evidence. See *Tongatapu Woodcraft Hawaii, Ltd. v. Feldman*, 736 F.2d 1305, 1308-1310 (9th Cir. 1984).

In view of this, the self-petitioner is hereby notified that the approval of the petition on behalf of the beneficiary is revoked from the date of approval.

OMB No. 1615-0000; Expires 06/30/08

**Department of Homeland Security**
U. S. Citizenship and Immigration Services

**I-290B, Notice of Appeal to the**

**Administrative Appeals Office (AAO)**

Fee Stamp

In the Matter of:

File Number:

---

**1.** I am filing an appeal from the decision dated:

_____

**2.** Please check the **one** block that applies:

☐ I am not submitting a separate brief or evidence

☐ I am submitting a separate brief and/or evidence with this form.

☐ I am sending a brief and/or evidence to the AAO within 30 days.

☐ I need _____ days to submit a brief and/or evidence to the AAO. *(May be granted only for good cause shown. Explain in a separate letter and attach the letter to your form.)*

---

**Person Filing Appeal**

Signature _____

Name _____

Address _____

*Number*       *Street*

_____
*City*     *State*     *Zip Code*

Telephone No. ( \_\_\_\_ ) _____

E-mail address, if any _____

Date _____

☐ I am an attorney or representative, and I represent:

_____
*Person and/or organization for whom you are appearing*

Telephone No. ( \_\_\_\_ ) _____

E-mail address, if any _____

**You must attach a Notice of Entry of Appearance (Form G-28) if you are an attorney or representative and did not submit such a form before.**

---

**3.** Briefly, state the reason(s) for this appeal:

Form I-290B (Rev. 06/30/05)N

Department of Homeland Security
U.S. Citizenship and Immigration Services

OMB No. 1615-0000
**I-290B, Notice of Appeal to the**
**Administrative Appeals Office (AAO)**

## Instructions

### 1. Filing Your Appeal.

You must file your appeal with the U.S. Citizenship and Immigration Services (USCIS) office that made the unfavorable decision within 33 calendar days after service of the decision (33 days if your decision was mailed). The date of service is normally the date of the decision.

Do not send your appeal directly to the Administrative Appeals Office (AAO). Submit an original appeal only. Additional copies are not required.

NOTE: USCIS is comprised of offices of the former Immigration and Naturalization Service (INS).

### 2. Fees.

You must pay only one fee of $385.00 to file this form. (You need to pay only one fee of $385.00 to appeal a decision to deny a petition with more than one beneficiary, provided that the different beneficiaries are covered by that same petition, and therefore, the same unfavorable decision.)

The fee will not be refunded, regardless of the action taken in your case. Do not mail cash.

All checks and money orders, whether U.S. or foreign, must be payable in U.S. currency at a financial institution in the United States. When a check is drawn on the account of a person other than yourself, write your name on the face of the check. If the check is not honored, USCIS will charge you $30.00.

Pay by check or money order in the exact amount. Make the check or money order payable to the U.S. Department of Homeland Security  except:

- If you live in Guam and are filing your appeal there, make the check or money order payable to the "Treasurer, Guam," or

- If you live in the U.S. Virgin Islands and you are filing your appeal there, make the check or money order payable to the "Commissioner of Finance of the Virgin Islands."

### 3. Attorney or Representative.

If you wish, you may be represented at no expense to the U.S. Government by an attorney or other duly authorized representative. Your attorney or representative must submit a Notice of Entry of Appearance as Attorney or Representative (Form G-28) with the appeal.

### 4. Brief.

You do not need to submit a brief in support of your appeal, but you may submit one if you so choose. You may also submit evidence.

*Privacy Act Notice.* We ask for the information on this form and associated evidence to determine if you have established eligibility for the immigration benefit you are seeking. Our legal right to ask for this information is in 8 USC 1102 and 1304. We may provide this information to other government agencies. Failure to provide this information and any requested evidence may delay a final decision or result in denial of your appeal.

### 8. USCIS Forms and Information.

To obtain USCIS forms, call our toll-free forms line at 1-800-870-3676. You can also get USCIS forms and information on immigration laws, regulations and procedures by telephoning our National Customer Service Center at 1-800-375-5283 or visiting our website at www.uscis.gov.

### 9. Paperwork Reduction Act Notice.

A person is not required to respond to a collection of information unless it displays a currently valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood and that impose the least possible burden on you to provide us with information. Often this is difficult because some immigration laws are very complex. The estimated average time to complete and file this application is computed as follows: (1) 10 minutes to learn about the law and form; (2) 60 minutes to complete the form; and (3) 20 minutes to assemble and file the application, including the required in-person filing; for a total estimated average of one hour and 30 minutes per appeal. If you have comments regarding the accuracy of this estimate or suggestions for making this form simpler, you may write to U.S. Citizenship and Immigration Services, Regulatory Management Division, 111 Massachusetts Avenue, N.W., Washington, DC 20529; OMB No. 1615-0000. Do not send your appeal to this address.

You may submit a brief and evidence with this form. Or you may send these materials to the AAO within 30 days of the date you sign this form. You must send any materials you submit after filing the appeal to:

    USCIS Administrative Appeals Office
    U.S. Citizenship and Immigration Services
    20 Massachusetts Avenue, N.W., Room A3042
    Washington, D.C. 20529

If you need more than 30 days, you must explain why in a separate letter attached to this form. The AAO may grant more time only for good cause.

### 5. Oral Argument.

You may request an argument before the AAO in Washington, D.C., in a separate letter attached to this form. The letter must explain specifically why an oral argument is necessary.

If your request is granted, the AAO will write to you about setting the date and time. Oral argument is normally limited to 15 minutes. The U.S. Government does not furnish interpreters for oral argument.

### 6. Visa Petition Beneficiary.

If you are the beneficiary of a visa petition or the beneficiary's attorney or representative, you may not file an appeal on this form.

When a decision on a petition may be appealed, the petitioner, an authorized official of a petitioning employer, or the petitioner's attorney or representative must sign this form.

### 7. Processing Information.

*Acceptance.* An appeal that is not signed or is not accompanied by the proper fee will be rejected with a notice that the appeal is deficient. You may correct the deficiency and resubmit the appeal. However, an appeal is not considered properly filed until it is accepted by USCIS.

*Initial processing.* Once the appeal or motion is accepted, it will be reviewed. If you do not have any standing to file the appeal, or the decision is not appealable or filed timely, the appeal will be dismissed without further review.

*Decision.* You will be notified in writing of any action taken on your appeal.

*Penalties.* If you knowingly and willfully falsify or conceal a material fact or submit a false document with this request, we will deny the benefit you are seeking and may deny any other immigration benefit. In addition, you may face severe penalties provided by law and may be subject to criminal prosecution.

OMB No 1615-0095; Expires 10/31/08

Department of Homeland Security
U. S. Citizenship and Immigration Services

# I-290B, Notice of Appeal to the Administrative Appeals Office (AAO)

Fee Stamp

**In the Matter of:**

Uday S. Nori
A95246268

**File Number:**

SRC0204054594

COPY
Filed 6/15/06

1. I am filing an appeal from the decision dated:

June 03, 2006

**Person Filing Appeal**

Signature

Name   Michael E. Piston

Address   4000 Livernois

| | Number | | Street |
|---|---|---|---|
| Troy | MI | | 48098 |
| City | | State | Zip Code |

Telephone No.   248-524-1936

E-Mail address, if any   michael@piston.net

Date   06/12/2006

2. Please check the one block that applies:

- [ ] I am not submitting a separate brief or evidence.
- [x] I am submitting a separate brief and/or evidence with this form.
- [ ] I am sending a brief and/or evidence to the AAO within 30 days.
- [ ] I need _____ days to submit a brief and/or evidence to the AAO. *(May be granted only for good cause shown  Explain in a separate letter, and attach the letter to your form.)*

- [x] I am an attorney or representative, and I represent:

Uday S. Nori

*Person and/or organization for whom you are appearing.*

Telephone No.

E-Mail address, if any

**You must attach a Notice of Entry of Appearance (Form G-28) if you are an attorney or representative and did not submit such a form before.**

3. Briefly, state the reason(s) for this appeal:

See Attached

f

Form I-290B (Rev 10/26/05)Y

UDAY NORI
GEETHA NORI
27225 FARMBROOK VILLA DR
SOUTHFIELD, MI 48034

720
6539B1977
1116

DATE 06 | 12 | 06

PAY TO THE ORDER OF   DEPARTMENT OF HOMELAND SECURITY   $ 385.00

Three hundred and eighty five dollars ___ DOLLARS

**BANK ONE.**

Bank One, NA
Detroit, Michigan 48226
www.BankOne.com

MEMO A95246268

MP

⑈072000326⑈    6539819771⑈ 1116

**BRIEF IN SUPPORT OF UDAY NORI, M.D.'S APPEAL FROM THE DECISION
OF THE TEXAS SERVICE CENTER DIRECTOR REVOKING HIS APPROVED
NATIONAL INTEREST WAIVER PETITION.**

Uday Nori, M.D. is the beneficiary (and self petitioner) of a petition to classify him as a
member of the professions holding an advanced degree under section 203(b)(2) of the
Immigration and Nationality Act, the job offer and labor certification requirement of
which was waived in the national interest. His petition was approved on August 5, 2002.
Over three (3) years later, on August 24, 2005, the Director of the Texas Service Center
(TSC Director) issued a notice of intent to revoke the approval of this petition to which a
timely response was filed on September 26, 2005.[1] On October 5, 2005, the Texas
Service Center issued a notice of revocation of this petition but failed to properly serve it
on petitioner or his counsel. On June 3, 2006, the TSC reissued the revocation notice at
the instruction of the Administrative Appeals Office.

I. THE NOTICE OF REVOCATION IS MERITLESS

A. ANY FAILURE TO COMPLETE THE FORM I-140 HAS BEEN CURED

Block 4 of part 6 of the amended form I-140 filed by Dr. Nori in response to the notice of
intent to revoke indicates that the intended place of employment in this case is a location
to be determined in the southeastern United States. As Dr. Nori pointed out in his
affidavit in support of his response to the notice of intent to revoke "it has been my
intention for a long time, particularly after I came here and experienced the bitter cold of
Michigan winters, to ultimately find employment in the southeastern United States as
soon as I could reasonably do so within the parameters of my career goals."

Since the "intended" place of employment must mean the place where the self petitioner
intends to work when he becomes a permanent resident, therefore there is no reason why
Dr. Nori's ultimate intentions as to where he will work when he becomes a permanent
resident should not be controlling of which Service Center has jurisdiction over this
matter. The revocation notice does not provide any explanation for its conclusion that it
does not have jurisdiction in these proceedings. The only reason provided in the notice of
intent to revoke as to why the TSC might have jurisdiction is the fact that parts 5 and 6 of
form I-140 have been left blank. Since this oversight was corrected on the amended form
I-140 that was filed in response to the notice of intent to revoke and since that amended
form I-140 makes clear that the intended place of employment is within the jurisdiction
of the Texas Service Center, this alone entirely vitiates the entire basis of the notice of
intent to revoke and makes the revocation notice patently meritless.

B. DR. NORI NEVER INTENDED TO WORK IN MICHIGAN WHEN HE BECAME
A PERMANENT RESIDENT AND DOES NOT WORK THERE NOW

---

[1] Please see the enclosed FedEx notice confirming delivery of a package from our office to TSC on that
date pertaining to Dr. Nori. This response was timely because of the 3 days added to the response time per
8 CFR 103.5a(b).

The TSC Director implies in the notice of intent to revoke that she believes that the place of employment is within the state of Michigan. ("If the intended place of employment is within the state of Michigan, the petitioner must file the I-140 with the Nebraska Service Center, which has jurisdiction in this matter.")

However, as Dr. Nori's affidavit in response to the Notice of Intent pointed out, it was never his intention to work in the state of Michigan when he became a permanent resident, as is demonstrated by the fact that he has not worked there since 2004. He has instead, found subsequent employment in 2 different locations, the first in Indiana, later in Ohio. While Dr. Nori has still not achieved his ultimate intended goal of finding employment in the southeastern United States due to the highly specialized nature of his skills, his employment history conclusively vindicates his decision not to file the I-140 in the Nebraska Service Center, since he knew full well at that time that he would not be staying on a long-term basis in Michigan.

C. THE LOCATION OF PRIOR COUNSEL'S OFFICE IS IRRELEVANT TO THE TSC'S JURISDICTION

The revocation notice repeats the Director's claim that the Texas Service Center was misled by Dr. Nori's prior attorney's usage of a private mailbox service for correspondence with the TSC. But that is irrelevant since the fact that an attorney had an office in the Texas Service Center would not be a basis for the TSC to take jurisdiction over an I-140 filed by that attorney in any event. As the director admits in the notice of intent, Dr. Nori's (then) current address and work location in Michigan were fully disclosed on his form ETA 750B. Where his attorney worked is immaterial.

Inasmuch as neither of the notice of intent to revoke nor the revocation notice offers any grounds for concluding that the TSC did not have jurisdiction over Dr. Nori's petition other than his failure to complete parts 5 and 6 of form I-140 (which has been cured) and its baseless suspicions that he intended to work in Michigan when he became a permanent resident, it should be apparent that the revocation notice was entirely baseless.

II. EVEN IF TSC DID NOT HAVE JURISDICTION OF THE FORM I-140 THIS IS NOT A GROUNDS FOR DENIAL

Further, even if we were to concede that the revocation was not properly approved by the Texas Service Center, that is not, in itself, a basis for denying it. At worst the TSC should have revoked its approval of the I-140 and then transferred it to the service center which it believed had jurisdiction over this matter.

III. THE TSC DIRECTOR'S PUNISHMENT OF DR. NORI FOR FAILING TO CORRECTLY GUESS WHERE HE WOULD BE WORKING IN THE FUTURE IS CONTRARY TO THE PURPOSE OF THE NATIONAL INTEREST WAIVER

Finally, it must be noted that the whole purpose of the national interest waiver is to allow certain highly qualified individuals to obtain permanent residency without an offer of

employment. Obviously this creates great difficulties for persons who, like Dr. Nori, know perfectly well at the time of filing their petition that they would not be staying on a long-term basis in their current employment. At the time of filing this petition, as explained in his affidavit, Dr. Nori knew that he would not be living indefinitely in the state of Michigan. He therefore was required to speculate as to where he might be employed when he became a permanent resident. The fact is that Dr. Nori did not know for certain where he would be employed when he became a permanent resident and therefore could only speak to his intentions. Of course this is exactly what the regulations require – that Dr. Nori file his petition in the location in which he *intended* to work when he became a permanent resident. Which is exactly what he did.

Just imagine, for a moment, that Dr. Nori had done what the Texas Service Center now implies he should have done, which is to indicate on part 6 of his form I-140 that his intended place of employment was Michigan, even though such a statement would have been false in light of Dr. Nori's intention to leave the state as soon as he found suitable employment elsewhere. Let us say that Dr. Nori then filed his form I-140 with the Nebraska Service Center and, subsequently, did find employment in the southeastern United States as he intended. No doubt he would now be battling a revocation notice from the Nebraska Service Center on the grounds that his intended place of employment was the southeastern United States and therefore the Nebraska Service Center had no jurisdiction over his petition.

The national interest waiver provision was expressly developed for persons in Dr. Nori's situation, persons whose talents are so valuable to the United States that they should be permitted to immigrate here without a job offer from a specific employer. The TSC, by requiring petitioners to guess where they will be living and working years after their petition is filed, and then mercilessly punishing them when they guess wrong, is subverting the intention of Congress as well as ignoring the plain language of the regulations.

We believe that any fair review of the evidence will conclude that this petition had to be filed with the TSC since it was always Dr. Nori's intention to work within its jurisdiction when he became a permanent resident, and this continues to be his intention now. In the alternative, however, the mere fact that a petition is filed with a service center which it is ultimately determined, four years after the fact, not to have jurisdiction over this matter, is not a basis for the petition's denial, but merely its transfer to the service center which is determined to have jurisdiction.

Respectfully submitted,

Michael E. Piston

P.S. Since the revocation notice apparently incorporates the notice of intent to revoke, we have enclosed with this appeal a copy of our response to the notice of intent to revoke.



**U.S. Department of Homeland Security**
Citizenship and Immigration Services

---

*Texas Service Center*
*Post Office Box 850965*
*Mesquite, Texas 75185-0965*



JUN 0 9 2006

DATE: June 3, 2006

TO:   Michael Piston, P.C.
      4000 Livernois Rd, Ste 110
      Troy, MI 48098

Petitioner: Self

Beneficiary: NORI, Uday

## NOTICE OF REVOCATION

**IN THE MATTER OF:** Visa Petition EB-2, National Interest Waiver
Immigrant Petition
for Alien Worker

**FILE NO.: SRC0204054594**
**A: A95246268**

---

**PLEASE TAKE NOTICE THAT THE FOLLOWING ACTION HAS BEEN TAKEN IN THE ABOVE ENTITLED MATTER:**

SEE ATTACHMENT

You may appeal this decision to the Administrative Appeals Office, if you wish, by completing the enclosed Form I-290B (Notice of Appeal to the Administrative Appeals Unit) and filing it with this office together with the appropriate fee. Your Notice of Appeal must be filed <u>within 15 days</u> of this notice. A brief or other written statement in support of your appeal may be submitted with the Notice of Appeal. This decision is final if no appeal is filed within the time allowed.

Sincerely,

*[signature]*

Evelyn M. Upchurch, Director
Texas Service Center
EMU/256

# ATTACHMENT

Reference is made to the Immigrant Petition for Alien Worker (Form I-140) that the petitioner filed on behalf of himself on November 19, 2001.

This notice is served upon the self-petitioner in accordance with the Administrative Appeals Office's limited order to reissue the decision.

The reasons for revocation were explained in the notice of Intent to Revoke dated August 24, 2005. At that time the petitioner was given thirty (30) days to submit evidence in support of the petition. To date, the record does not overcome the grounds for revocation.

As cited in the NOTICE OF INTENT TO REVOKE, *Form I-140 or 360 must be filed with the Service Center having jurisdiction over the intended place of employment.*

U.S.CIS finds that at the time of filing the visa petition, the Texas Service did not have jurisdiction in the visa petition proceeding and that the pertinent information provided misled the Texas Service Center to accept jurisdictional review of the visa petition where the truth in this matter did not provide for the Texas Service Center to have jurisdictional review. The visa petition must have been filed under the jurisdiction of the Nebraska Service or possibly the Vermont Service Center for review. The record suggests the prior counsel (representation at the time of filing the visa petition) or the self-petitioner already knew the jurisdiction requirements because of prior visa petition filings, but proceeded to file outside of jurisdiction because of unfavorable decisions in the prior visa petitions.

U.S.CIS also finds improper practices of the self-petitioner's prior counsel (representation at the time of filing the visa petition) pursuant to 8 CFR 292 as cited in the notice of Intent to Revoke. The self-petitioner's prior counsel, who initially represented the self-petitioner at the time of filing the visa petition, will no longer be recognized in this visa petition proceeding.

In *Matter of Ho*, 19 I&N Dec. 582 (BIA 1988), it was determined that the director's realization that an error in judgment made in initially approving a visa petition may, in and of itself, be good and sufficient cause for revoking the approval, provided the revised opinion is supported by the record.

The alien's record contains substantial evidence supporting this revocation decision, the original approval having overestimated eligibility, which was challenged by later-revealed evidence. See *Tongatapu Woodcraft Hawaii, Ltd. v. Feldman*, 736 F.2d 1305, 1308-1310 (9th Cir. 1984).

In view of this, the self-petitioner is hereby notified that the approval of the petition on behalf of the beneficiary is revoked from the date of approval.

CAO# _____256_____
DATE____08/24/05____

SRC# __SRC0204054594_____

A# __A95246268_____

*Return requested information and all supporting documents with this page on top to insure timely handling to the address below:*

U.S. DEPARTMENT OF HOMELAND SECURITY
CITIZENSHIP AND IMMIGRATION SERVICES
Texas Service Center
PO Box 850965
Mesquite, TX  75185-0965

CUD ___09/24/05___



U.S. Department of Homeland Security
Citizenship and Immigration Services

*Texas Service Center*
*Post Office Box 850965*
*Mesquite, Texas 75185-0965*

DATE:    August 24, 2005

Theodore Sherman, Esq
Law Offices of Theodore Sherman
8409 Pickwick Ln #213
Dallas, TX 75225

Petitioner: Self

RE:    Beneficiary's Name and Date of Birth:    NORI, Uday
                                                DOB: 08/13/1967

Refer to file number: A95246268 (SRC0204054594)
Form: I-140 (Immigrant Petition for Alien Worker)

### NOTICE OF INTENT TO REVOKE

This letter refers to the I-140 (Immigrant Petition for Alien Worker) that the self-petitioner filed with the Service on November 19, 2001 to accord classification to the beneficiary under section 203(b)(2) of the Immigration and Nationality Act (Act) as members of the professions holding advanced degrees or an alien of exceptional ability in the sciences, arts, or business.    Additionally, the self-petitioner is seeking a waiver of the job offer in the national interest.

Section 203(b)(2) of the Act provides classification to members of the professions holding advanced degrees or an alien of exceptional ability in the sciences, arts, or business:

> *[Q]ualified immigrants who are members of the professions holding advanced degrees or their equivalent or who because of their exceptional ability in the sciences, arts, or business, will substantially benefit prospectively the national economy, cultural or educational interests, or welfare of the United States, and whose services in the sciences, arts, professions, or business are sought by an employer in the United States.*

> *[T]he Attorney General may, when the Attorney General deems it to be in the national interest, waive the requirements of subparagraph (A) that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States.*

Title 8 CFR 204.5(b) imposes jurisdiction on the filing of Forms I-140 and I-360 to the Service Center over the beneficiary's intended place of employment:

> *Form I-140 or I-360 must be filed with the Service Center having jurisdiction over the intended place of employment, unless specifically designated for local filing by the Associate Commissioner for Examinations.*

As written on the instructions of the I-140 and as regulated in 8 CFR 100.4, if the intended place of employment is within the state of Michigan, the petitioner must file the I-140 with the Nebraska Service Center, which has jurisdiction in this matter.

As cited above in 8 CFR 204.5(b), *Form I-140 or I-360 must be filed with the Service Center having jurisdiction over the intended place of employment.*

The petition in this matter was approved on November 19, 2001.

Subsequent to the date of approval, further information was received from the Nebraska Service Center demonstrating that the self-petitioner has, in fact, provided information to mislead the Texas Service Center's acceptance of this petition for review. Consequently, the available information no longer supports the petition's jurisdictional review.

In accordance with 8 CFR 205.2(a), "any Service officer authorized to approve a petition under section 204 of the Act may revoke the approval of that petition upon notice to the petitioner on any ground other than those specified in § 205.1 when the necessity for the revocation comes to the attention of this Service".

New information in the alien's record(s) indicates that—

## PART I

• The intended place of employment in this matter is not within the Texas Service Center's jurisdiction.

The record shows that the self-petitioner has not filled out the Form I-140 in accordance with the petition's instructions. Parts 5 and 6 of the Form I-140 have been left blank. According to the instructions, the petitioner must write "N/A" in a field if information is not relevant or not available. The record as a whole suggests that the self-petitioner omitted this information so as to not reveal the true intent of his or her place of employment. The self-petitioner may need to provide a supplemental Form I-140 with Parts 5 and 6 completed for review.

The record also shows that the self-petitioner reports on Part B of the ETA-750 in line 15(a) that the self-petitioner's current employment is in Michigan. The remaining portion of the record equally supports that the intended place of employment is this same employment in Michigan.

## PART II

- The address provided on the Form I-140 and Form G-28 is not an associated address for the beneficiary and representation.

The addresses provided in the G-28 and in Parts 1 and 3 of the I-140 are all the same address: 8409 Pickwick Lane # 213 / Dallas, TX 75225. In prior applications and petitions the addresses for representation's Forms G-28 and the self-petitioner are in Michigan.

Evidence provided by the State Bar of Michigan indicates that the attorney of record does not hold an office at the address in Dallas, Texas, and evidence provided by the State Bar of Texas also confirms that the attorney of record does not hold an office at the address in Dallas, TX. In fact, the address has been registered to the individual (YARBOUGH, David) since 1999 in the capacity of a potential shipping agent, potential addressing and letter service, and potential packaging service.

This notice serves the dual purpose of notifying representation that without evidence in opposition to the Service's findings, the attorney of record will no longer be recognized in this proceeding pursuant to 8 CFR Part 292 for improper practices before the Service. A copy of this notice is also being sent to the self-petitioner's address on record.

Section 205 of the INA states:

> *The Attorney General may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under Section 204. Such revocation shall be effective as of the date of approval of any such petition.*

In *Matter of Ho*, 19 I&N Dec. 582 (BIA 1988), it was determined that the director's realization that an error in judgment made in initially approving a visa petition may, in and of itself, be good and sufficient cause for revoking the approval, provided the revised opinion is supported by the record.

Pursuant to Title 8, Code of Federal Regulations, Part 205.2; it is the intent of this Service to revoke the approval of the referenced I-140 immigrant visa petition. The petition falls short of the regulatory requirement for jurisdictional review of this visa petition.

The self-petitioner must show that the place of intended employment falls within the jurisdictional review of the Texas Service Center and that the address provided for Forms I-140 and G-28 is associated with the self-petitioner and the attorney of record.

The self-petitioner is hereby granted a period of thirty (30) days in which to submit evidence in support of the petition and in opposition to its intended revocation. At the conclusion of that thirty-day period, or upon submission of evidence, a final decision will be made.

Sincerely,

Lisa Kehl, Acting Director
Texas Service Center

LK/256

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Entry of Appearance
as Attorney or Representative**

Appearances - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. Availability of Records - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

In re: Uday Sankar NORI

Date: 09/21/2005

File No.: A95246268

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

Name:
   Uday Sankar NORI

☐ Petitioner        ☑ Applicant
☐ Beneficiary

Address: (Apt. No.)   (Number & Street)   (City)   (State)   (Zip Code)
   539 Under Brook Court   Westerville   OH   43081

Name:

☐ Petitioner        ☐ Applicant
☐ Beneficiary

Address: (Apt. No.)   (Number & Street)   (City)   (State)   (Zip Code)

Check Applicable Item(s) below:

☑ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia
   Michigan _____ Supreme Court _____ and am not under a court or administrative agency
                     Name of Court
   order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law,

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☑ 3. I am associated with Michael E. Piston, P.C.
   the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. (If you check this item, also check item 1 or 2 whichever is appropriate.)

☐ 4. Others (Explain Fully.)

SIGNATURE

COMPLETE ADDRESS
   Michael E. Piston, P.C.
   4000 Livernois Road
   Suite 110
   Troy MI 48098

NAME (Type or Print)
Michael E. Piston

TELEPHONE NUMBER
(248) 680-0600

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*
   Michael E. Piston

(Name of Attorney or Representative)

*THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*
   All Immigration Matters

| Name of Person Consenting | Signature of Person Consenting | Date |
|---|---|---|
| Uday Sankar NORI | | 09/21/2005 |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8 CFR 103.10 and 103.20 Et SEQ.

Form G-28 (09/26/00) Y

**MICHAEL E. PISTON, P.C.**
**ATTORNEYS & COUNSELORS AT LAW**
4000 Livernois, Suite 110
Troy, Michigan 48098
(248) 680-0600
FAX: (248) 680-0627
*E-Mail:* immlaw@piston.net


Michael E. Piston                    Krista L. Carpenter                    Lila Šljivar


September 20, 2005

U.S. Department of Homeland Security
Citizenship & Immigration Services
Texas Service Center
4141 St. Augustine
Dallas, TX 75227

RE:                          Response to Notice Of Intent To Revoke
PETITIONER/
BENEFICIARY:        NORI, Uday
RECEIPT #:            SRC-02-040-54594
A#:                        A95246268

Dear Director:

     We are now appearing on the behalf of Uday Nori, M.D., the self-petitioner in this matter. You have proposed to revoke this petition for a number of grounds, none of which appear to support revocation.1  While we understand your concerns that you may have approved this

petition upon the misimpression that Dr. Nori was currently employed within the jurisdiction of Texas Service Center, the fact remains that at no time did Dr. Nori or his attorney make such a

---

    [1]Although the response to the RFE is nominally due September 23, 2005, 8 C.F.R. §103.5a(b) provides that "Whenever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3 days shall be added to the prescribed period.". This means that the response is actually due on Monday, September 26, 2005.

**MICHAEL E. PISTON, P.C.**
ATTORNEY & COUNSELOR AT LAW

Page 2 of 7

representation. Rather, this petition was properly filed with your Center because Dr. Nori did, and continues to, intend to be employed in a place within your jurisdiction when he becomes a permanent resident.

I. THE INTENDED PLACE OF EMPLOYMENT IS THE SOUTHEASTERN UNITED STATES

You state that "as written on the instructions of the I-140 and in 8 CFR § 100.4, if the intended place of employment is within the State of Michigan, the petitioner must file the I-140 with the Nebraska Service Center, which has jurisdiction in this matter."

However, Dr. Nori never intended to work in the State of Michigan when he became a U.S. permanent resident and, in fact, does not work there now. As should be evident from the enclosed affidavit, Dr. Nori has always intended to work within the jurisdictions of the Texas Service Center as soon as he is able to find suitable employment there.

As you point out, "8 C.F.R. § 204.5(b) provides that "Form I-140 or I-360 must be filed with the Service Center having jurisdiction over the intended place of employment, unless specifically designated for local filing by the Associate Commissioner for Examinations."

As indicated in Dr. Nori's enclosed affidavit, his "intended place of employment" has always been a location in the southeastern United States where the climate is closer to that of his native India. It is for this reason that he never intended to stay working in the State of Michigan longer than he had to and in fact he did leave the state in 2004.

In fact, since applying for a National Interest Waiver Dr. Nori has changed employment twice, working first at Indiana University and now at Ohio State University Medical Center as an Assistant Professor in Medicine, Transplant Nephrology. Still he does not intend this as his permanent employment, but merely a temporary position while he continues to seek work in the southeastern United States.

If the regulations stated that a National Interest Waiver petition had to be filed where the beneficiary was currently employed then this notice of intent to revoke would have a valid basis. But they do not. They state that it must be filed in the location where it is "intended" that the beneficiary will work. Since Dr. Nori intended to work in the southeastern United States when he

**MICHAEL E. PISTON, P.C.**
ATTORNEY & COUNSELOR AT LAW

Page 3 of 7

filed this petition (and still does) he was required by that regulation to file his petition with the Texas Service Center.

## II. THERE IS NO REQUIREMENT THAT ONE HAVE A FIRM OFFER OF EMPLOYMENT WITHIN THE JURISDICTION OF TSC TO FILE A NATIONAL INTEREST WAIVER PETITION THERE

One might argue, however, that because Dr. Nori did not have a firm offer of employment in a location within the jurisdiction of the TSC when he filed his National Interest Waiver that therefore he had no basis for considering that his intended place of employment regardless of his plans. However, consider the practical implications in such a rule. Dr. Nori knew for a fact when he filed this petition that he would not be staying in his current employment as an internist. Indeed, he left that job in 2002 for a fellowship in Nephrology & HTN, moved again in 2004 to pursue a fellowship in Transplant Nephrology at Indiana University, and moved a third time to accept a faculty position at Ohio State University in 2005. Therefore, he knew he had no offer of employment which was likely to applicable when he became a permanent resident when he filed this petition. If the rule is that a National Interest Waiver petition can only be filed in a jurisdiction where the beneficiary knows for an absolute fact he will be working when he becomes a permanent resident (rather than where he "intends" to work, as the regulations actually provide) Dr. Nori would not have been able to file his petition anywhere at all!

This, of course, would be completely contrary to the whole purpose of a National Interest Waiver petition which is to allow the Secretary of Homeland Security to waive the requirement of a job offer to persons whose immigration to the United States would benefit the national interest. What reason or logic, then, is there in requiring that an applicant for a National Interest Waiver have a firm offer of employment within the jurisdiction of the service center considering his application if there is no requirement of a job offer at all?

In short, by filing this petition with the Texas Service Center Dr. Nori was filing his application with the office with jurisdiction over the area in which he, in good faith, intended to be employed when he became a permanent resident. In doing so he complied with both the letter and spirit of the applicable regulations.

As it turns out, Dr. Nori still has not found employment in the southeastern United States. Transplantation Nephrology is a highly specialized field and job offers in it are few and far between. Dr. Nori continues to seek employment in the southeastern United States and is

**MICHAEL E. PISTON, P.C.**
ATTORNEY & COUNSELOR AT LAW

Page 4 of 7

confident that he will find a position prior to becoming a U.S. permanent resident. Given the fact that the visa cut off date for Indian second preference will retrogress to January 1, 1998, effective October 1, 2005, Dr. Nori still has plenty of time to find employment in the southeastern United States before his adjustment can be completed. Accordingly, since Dr. Nori does intend to work in the southeastern United States when he becomes a permanent resident, the Texas Service Center is the service center with jurisdiction over his Form I-140.

### III. DR. NORI'S FORM I-140 WAS CORRECTLY COMPLETED

You have suggested that the self petitioner omitted the information in Parts 5 and 6 of the Form I-140 to "not reveal the true intent of his or her place of employment". In fact, this information was omitted because the petitioner was applying for a waiver of the job offer requirement and therefore quite reasonably believed that this information was not applicable. Nor would Dr. Nori have conveyed any more information to your office if he had responded "N/A" to the questions he left blank.

With respect, if your office felt the way Dr. Nori completed his form I-140 was inappropriate, the proper course of action would have been to issue a request for evidence prior to the petition being approved, not a notice of intent to revoke nearly four years later. In any event, Dr. Nori has now prepared a supplemental form I-140 reflecting the fact that the intended employment will be in a location to be determined in the southeastern United States.

### IV. WHILE DR. NORI FULLY DISCLOSED THAT HE WORKED IN MICHIGAN AT THE TIME OF FILING, HE DOES NOT WORK THERE NOW, NOR DOES HE INTEND TO IN THE FUTURE.

You also stated that "the record also shows that the self petitioner reports on Part B of the ETA-750 in Line 15(a) that the self petitioner's current employment is in Michigan."

This was true at the time of the filing of this petition and accordingly, entirely disproves the suggestion that Dr. Nori was intending to mislead the TSC regarding his intended place of employment. Quite the contrary, this demonstrates that Dr. Nori made a full disclosure of the relevant facts and the director approved this petition with certain knowledge that Dr. Nori was not currently employed in a location within TSC's jurisdiction.

**MICHAEL E. PISTON, P.C.**
ATTORNEY & COUNSELOR AT LAW

Page 5 of 7

You go on to state that "the remaining portion of the record equally supports that the intended place of employment is the same employment in Michigan".

We disagree. There is, in fact, nothing in the record to support the argument that Dr. Nori's intended place of employment, when he becomes a permanent resident, is this "same employment" in Michigan. In fact, as mentioned before, Dr. Nori stopped working in this same employment as an Internist in 2002 and hasn't worked in Michigan at all since 2004. Further, as indicated in his affidavit he never intended to work in Michigan when he became a permanent resident. There is nothing in the record to the contrary.

V. THERE IS NOTHING IMPROPER IN THE PETITIONER'S ATTORNEY USING A MAILING ADDRESS, OR LISTING DR. NORI'S ADDRESS AS CARE OF THAT ADDRESS

You state that "the address provided on the Form I-140 and Form G-28 is not an associated address for the beneficiary and representation."

The address provided on the Form I-140 and Form G-28 is a "mailing address". The director of the Texas Service Center is surely acquainted with the concept of a mailing address because he uses one himself. The Texas Service Center is not located at Post Office Box 850965, Mesquite, Texas 75185-0965. The director does not do business in the Post Office, and certainly not in a box.

Likewise Theodore Sherman does not do business at 8409 Pickwick Lane, No. 213, Dallas, Texas 75225. This is a private mail box facility used by Mr. Sherman for his convenience. It hardly matters that the State of Michigan does not list this as an address for Theodore Sherman nor the State Bar of Texas. The State Bar of Michigan does not require that attorneys register with it all of their mailing addresses and Mr. Sherman is not required to be a member of the State Bar of Texas to practice before the United States Citizenship and Immigration Services there (he need only be admitted to practice in any state per 5 U.S.C. § 500(b)) and, in fact, is not a member of the State Bar of Texas. Therefore there is no reason why either group should have any record of his Texas mailing address.

Finally, Dr. Nori's address is listed in c/o Theodore Sherman, again at his mailing address in Texas, again, for convenience purposes. As Mr. Sherman explains in his enclosed affidavit, problems occasionally arise with mail directly being addressed to clients of his office rather than the attorney and then going astray. Therefore, for convenience purposes, and to make sure that he

**MICHAEL E. PISTON, P.C.**
ATTORNEY & COUNSELOR AT LAW

Page 6 of 7

gets all correspondence intended for his clients (as implicitly required by 8 C.F.R. § 292.5(b)), Mr. Sherman listed Dr. Nori's address on the form I-140 as care of his mailing address.

Clearly, the director was not misled in any material way by Mr. Sherman using a mailing address for himself and his clients. As the director notes, form ETA 750 filed in this matter listed Dr. Nori's then current address in Michigan, both residence and work. Further, the director surely could not have believed that Dr. Nori lived, or even worked as a physician in his attorney's office. The director certainly was aware that Dr. Nori's address was in care of his attorney for convenience purposes. Of course there is nothing inappropriate with this since the form I-140 specifically offers a "care of" option for the beneficiary's address. The beneficiary and his attorney can hardly be blamed for exercising the options provided for them on the official (then) INS form, nor for adopting the same convenience of a mailing address which the Texas Service Center uses itself.[2]

## VI. THE NOTICE OF INTENT TO REVOKE IS UNTIMELY

Finally, even if there was good cause for revocation, it is untimely. According to 8 C.F.R. § 205.2(a), the Service may revoke the approval of a visa petition "when the necessity for the revocation comes to the attention of the Service." Such revocation must be predicated on "good and sufficient cause." Section 205 of the Act, 8 U.S.C. § 1155; *Matter of Tawfik*, 20 I. & N. Dec. 166, 167 (BIA 1990); *Matter of Estime*, 19 I. & N. Dec. 450, 451 (BIA 1987).

Here, all the material facts upon which this notice is premised - that Dr. Nori was living and working in the State of Michigan when he filed his I-140 - were fully disclosed on the form ETA 750B form filed with the petition and thus certainly known to the director when this petition was filed. The only "new" information referenced in the notice of intent to deny is the determination that Theodore Sherman does not practice law in the State of Texas. Neither 8 C.F.R. § 204.5(b) nor any other provision of the regulations grants the TSC jurisdiction over petitions filed by attorneys with offices within its jurisdiction. Therefore the physical location of Theodore Sherman's Law Offices are entirely immaterial to the issues in the Notice. Whatever good and sufficient cause there is for the revocation here, it cannot be that Theodore Sherman does not practice law in Texas.

---

[2]Nor is there anything improper in an organization having a mailing address in a state different from its physical location. The National Benefits Center in Missouri, for example, receives all of its mail in Illinois.

## MICHAEL E. PISTON, P.C.
ATTORNEY & COUNSELOR AT LAW

Page 7 of 7

Since the director was fully aware of all the material facts upon which this notice is premised at the time the I-140 was approved, issuing a Notice of Intent to Revoke on these grounds now, nearly 4 years later, is contrary to the requirement that the notice be filed "**when the necessity for the revocation comes to the attention of this Service**". Further, Dr. Nori has relied upon the approval of this petition. Because of the approval of this petition he has foregone other opportunities he might have had to refile his petition in another Service Center, or find an employer willing to sponsor him for permanent residency through labor certification. If he has to start his process of applying for permanent residency all over again now, it will be with a far later priority date, a fact of critical importance given the severe retrogression of the Indian Employment Based Second Preference Visa Cut off date to January 1, 1998.

CONCLUSION

In short, the evidence submitted with this response demonstrates that the intended place of employment is within the jurisdiction of the Texas Service Center, since this is where Dr. Nori intends to work when he becomes a permanent resident. Given the fact that the benefit which Dr. Nori is seeking is a waiver of a job offer requirement, there is no need for him to be any more specific than this. There is no requirement that one have a specific job offer at the time of the filing of the national interest waiver petition within the confines of the Texas Service Center for the TSC to take jurisdiction over this petition, since otherwise a person such as Dr. Nori, who knew full well that he would not be working at his current location when he became a permanent resident and had no idea exactly where he would be working when he got his "green card" (and still does not) would not be able to file his petition with any service center at all. Even if there is good cause for revocation, it is untimely, and Dr. Nori has been prejudiced by the delay.

Accordingly, there is no good cause for revocation of this petition and the notice of intent to revoke should be withdrawn. If, nevertheless, the director does chose to revoke his approval of this petition, then the appropriate course would be to forward it unadjudicated, with Dr. Nori's I-485, to whichever Service Center is thought to have jurisdiction over this matter.

Sincerely

Michael E. Piston

U.S. Department of Homeland Security
Bureau of Citizenship and Immigration Services

OMB No. 1615-0015; Exp. 8-31-04

**I-140, Immigrant Petition for Alien Worker**

## START HERE - Please Type or Print in Black Ink.

### Part 1.   Information about the person or organization filing this petition.
If an individual is filing, use the top name line. Organizations should use the second line.

Family Name (Last Name): NORI
Given Name (First Name): Uday
Full Middle Name: Sankar

Company or Organization Name: Not Applicable

Address: (Street Number and Name): 539 Under Brook Court
Suite #:

Attn: Uday Sankar NORI

City: Westerville
State/Province: OH

Country: USA
Zip/Postal Code: 43081

IRS Tax #: Not Applicable
Social Security # (if any): 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
E-Mail Address (if any): udaynori@hotmail.com

**FOR CIS USE ONLY**

Returned
Receipt

Date

Date
Resubmitted

Date

Date
Reloc Sent

Date

Date
Reloc Rec'd

Date

Date

### Part 2.   Petition type.
This petition is being filed for: (Check one)

a. ☐ An alien of extraordinary ability.
b. ☐ An outstanding professor or researcher.
c. ☐ A multinational executive or manager.
d. ☐ A member of the professions holding an advanced degree or an alien of exceptional ability (who is NOT seeking a National Interest Waiver).
e. ☐ A professional (at a minimum, possessing a bachelor's degree or a foreign degree equivalent to a U.S. bachelor's degree) or a skilled worker (requiring at least two years of specialized training or experience).
f. ☐ (Reserved.)
g. ☐ Any other worker (requiring less than two years of training or experience).
h. ☐ Soviet Scientist.
i. ☑ An alien applying for a National Interest Waiver (who IS a member of the professions holding an advanced degree or an alien of exceptional ability).

**Classification:**
☐ 203(b)(1)(A) Alien of Extraordinary Ability
☐ 203(b)(1)(B) Outstanding Professor or Researcher
☐ 203(b)(1)(C) Multi-National Executive or Manager
☐ 203(b)(2) Member of Professions w/Adv. Degree or Exceptional Ability
☐ 203(b)(3)(A)(i) Skilled Worker
☐ 203(b)(3)(A)(ii) Professional
☐ 203(b)(3)(A)(iii) Other Worker

**Certification:**
☐ National Interest Waiver (NIW)
☐ Schedule A, Group I
☐ Schedule A, Group II

Priority Date
Consulate

### Part 3.   Information about the person you are filing for.

Family Name (Last Name): NORI
Given Name (First Name): Uday
Full Middle Name: Sankar

Address: (Street Number and Name): 539 Under Brook Court
Apt. #:

C/O: (In Care Of)

City: Westerville
State/Province: OH

Country: USA
Zip/Postal Code: 43081
E-Mail Address (if any): udaynori@hotmail.com

Daytime Phone # (with area/country code): 614-293-4997
Date of Birth (mm/dd/yyyy): 08/13/1967

City/Town/Village of Birth: Vijayawada
State/Province of Birth: Andhra Pradesh
Country of Birth: India

Country of Nationality/Citizenship: India/Indian
A # (if any): 95246268
Social Security # (if any): 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

**Concurrent Filing:**
☐   I-485 filed concurrently.

**Remarks**

**Action Block**

IF IN THE U.S.

Date of Arrival (mm/dd/yyyy): 11/08/2003
I-94 # (Arrival/Departure Document): 920543700 09

Current Nonimmigrant Status: AOS Pending
Date Status Expires (mm/dd/yyyy): N/A

**To Be Completed by**
*Attorney or Representative, if any.*
☑ Fill in box if G-28 is attached to represent the applicant.

ATTY State License #: P34568

Form I-140 (Rev. 04/16/04)Y

## Part 4.   Processing Information.

1. Please complete the following for the person named in Part 3: *(Check one)*

☐ Alien will apply for a visa abroad at the American Embassy or Consulate at:

| City | Foreign Country |
|------|-----------------|
|      |                 |

☑ Alien is in the United States and will apply for adjustment of status to that of lawful permanent resident.

Alien's country of current residence or, if now in the U.S., last permanent residence abroad.

IF-1, Kusuma Towers, Ashok Nagar, Vijayawada, Andhra Pradesh, 520010 INDIA

2. If you provided a U.S. address in Part 3, print the person's foreign address:

IF-1, Kusuma Towers, Ashok Nagar, Vijayawada, Andhra Pradesh, 520010 INDIA

3. If the person's native alphabet is other than Roman letters, write the person's foreign name and address in the native alphabet:

4. Are any other petition(s) or application(s) being filed with this Form I-140?    ☑ No    ☐ Yes-(check all that apply)    ☐ Form I-485    ☐ Form I-765
    ☐ Form I-131    ☐ Other - attach explanation

5. Is the person you are filing for in removal proceedings?    ☑ No    ☐ Yes-attach an explanation

6. Has any immigrant visa petition ever been filed by or on behalf of this person?    ☐ No    ☑ Yes-attach an explanation

If you answered yes to any of these questions, please provide the case number, office location, date of decision and disposition of the decision on a separate sheet(s) of paper.

## Part 5.   Additional information about the petitioner.

1. Type of petitioner *(Check one)*.

☐ Employer    ☑ Self    ☐ Other (Explain, e.g., Permanent Resident, U.S. Citzen or any other person filing on behalf of the alien.)

2. If a company, give the following:

| Type of Business | Date Established *(mm/dd/yyyy)* | Current Number of Employees |
|------------------|--------------------------------|------------------------------|
| Not Applicable | Not Applicable | Not Applicable |
| Gross Annual Income | Net Annual Income | NAICS Code |
| Not Applicable | Not Applicable | N/A |

DOL/BIA Case Number    Not Applicable

3. If an individual, give the following:

| Occupation | Annual Income |
|------------|---------------|
| Not Applicable | Not Applicable |

## Part 6.   Basic information about the proposed employment.

| 1. Job Title | 2. SOC Code |
|--------------|-------------|
| Not Applicable | N/A — |

3. Nontechnical Description of Job
Not Applicable

4. Address where the person will work if different from address in Part I.

A location to be determined in the Southeastern United States.

5. Is this a full-time position?    ☐ Yes    ☐ No    N/A

6. If the answer to Number 5 is "No," how many hours per week for the position?
Not Applicable

7. Is this a permanent position?    ☐ Yes    ☐ No    N/A

8. Is this a new position?    ☐ Yes    ☐ No    N/A —

9. Wages per week
Not Applicable

Form I-140 (Rev. 04/16/04)Y Page 2

**Part 7. Information on spouse and all children of the person for whom you are filing.**

List husband/wife and all children related to the individual for whom the petition is being filed. Provide an attachment of additional family members, if needed.

| Name (First/Middle/Last) | Relationship | Date of Birth (mm/dd/yyyy) | Country of Birth |
|---|---|---|---|
| Geetha NORI | Wife | 04/16/1971 | India |
| Sandhya NORI | Daughter | 12/07/1999 | USA |
| Sadhana NORI | Daughter | 12/01/2004 | USA |
| | | | |
| | | | |
| | | | |

**Part 8.  Signature.** *Read the information on penalties in the instructions before completing this section. If someone helped you prepare this petition, he or she must complete Part 9.*

I certify, under penalty of perjury under the laws of the United States of America, that this petition and the evidence submitted with it are all true and correct. I authorize the Bureau of Citizenship and Immigration Services to release to other government agencies any information from my CIS (or former INS) records, if the CIS determines that such action is necessary to determine eligibility for the benefit sought.

| Petitioner's Signature | Daytime Phone Number (Area/Country Code) | E-mail Address |
|---|---|---|
| | 614-293-4997 | udaynori@hotmail.com |

| Print Name | Date (mm/dd/yyyy) |
|---|---|
| Uday Sankar NORI | 09/21/2005 |

**Please Note:** *If you do not fully complete this form or fail to submit the required documents listed in the instructions, a final decision on your petition may be delayed or the petition may be denied.*

**Part 9.  Signature of person preparing form, if other than above.**    *(Sign below)*

I declare that I prepared this petition at the request of the above person and it is based on all information of which I have knowledge.

Attorney or Representative: In the event of a Request for Evidence (RFE), may the CIS contact you by Fax or E-mail?  ☑ Yes    ☐ No

| Signature | Print Name | Date (mm/dd/yyyy) |
|---|---|---|
| | Michael E. Piston | 09/21/2005 |

Firm Name and Address

Michael E. Piston, P.C.
4000 Livernois Road, Suite 110
Troy MI 48098

| Daytime Phone Number (Area/Country Code) | Fax Number (Area/Country Code) | E-mail Address |
|---|---|---|
| (248) 680-0600 | (248) 680-0627 | michael@piston.net |

Use this space for any additional information

Addendum to I-140; Uday S. Nori A 95246268

Page Two Part 6

See attached I-140 Approval Notice dated 03/21/2002, Receipt Number SRC-02-040-54594.

| RECEIPT NUMBER | CASE TYPE I140 |
|---|---|
| SRC-02-040-54594 | IMMIGRANT PETITION FOR ALIEN WORKER |

| RECEIPT DATE | PRIORITY DATE | PETITIONER |
|---|---|---|
| November 19, 2001 | November 19, 2001 | NORI, UDAY |

| NOTICE DATE | PAGE | BENEFICIARY A95 246 268 |
|---|---|---|
| March 21, 2002 | 1 of 1 | NORI, UDAY |

UDAY NORI
C/O LAW OFFICE OF THEODORE SHERMAN
8409 PICKWICK LN 213
DALLAS TX 75225

Notice Type: Approval Notice
Section: Mem of Profession w/Adv Deg,or
of Exceptn'l Ability
Sec 203(b)(2)

Courtesy Copy: Original sent to: SHERMAN, THEODORE

This courtesy notice is to advise you of action taken on this case. The official notice has been mailed to the
attorney or representative indicated above. Any relevant documentation included in the notice was also mailed as
part of the official notice.

The above petition for a NATIONAL INTEREST WAIVER-PHYSICIAN (NIW PHYSICIAN) has been approved. The person for whom you
are petitioning is in the United States and will apply for adjustment of status. If the person for whom you are petitioning
is or becomes eligible to apply for adjustment of status, he or she should submit a copy of this notice with Form I-485,
Application for permanent Residence, with appropriate fee, to this Service Center. Additional information about
eligibility for adjustment of status may be obtained from the local INS office serving the area where he or she lives,
or by calling 1-800-375-5283 He or she should contact the local INS office to obtain Form I-485, Application for
Permanent Residence.

Pursuant to 8 CFR 203(b)(2), the Form I-485, if filed, cannot be adjudicated until the applicant completes 3 or 5
(whichever is applicable) years of employment in an underserved area.

If the person for whom you are petitioning decides to apply for an immigrant visa outside the United States based upon
this petition, the petitioner should file Form I-824, Application for Further Action on an Approved Application or
Petition, with this office to request that we send the petition to the Department of State National Visa Center (NVC).
NVC processes all approved immigrant visa petitions that need consular action. It also determines which consular post
is the appropriate consulate to complete visa processing. The NVC will then forward the approved petition to that
consulate.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
TEXAS SERVICE CENTER
P O BOX 851488 - DEPT A
MESQUITE TX 75185-1488
Customer Service Telephone: (214) 381-1423



Form I-797C (Rev. 09/07/93) N

AFFIDAVIT OF UDAY SANKAR NORI, M.D.

Uday Sankar Nori, M.D., for his affidavit testifies as follows:

1. I have filed a national interest waiver to Texas Service Center which it now proposes to revoke because I supposedly do not intend to work in a state over which the Texas Service Center has jurisdiction.

2. It has been, since prior to filing this petition, and continues to be, my intention to work in a state in the southeastern United States, as soon as I find suitable employment therein.

3. When I filed my petition for a national interest waiver, my attorney, Theodore Sherman, explained to me that a national interest waiver was a request to the immigration service to waive the normal requirement of a job offer on the grounds that my immigration to the United States would benefit the national interest regardless of who I worked for.

4. Consequently, I understood, and continue to understand that it was not necessary for me to get a national interest waiver that I actually have a specific job in my field.

5. Rather, I understood that all was necessary is that I intend to work in the medical profession in the United States.

6. I am from India, a country which is considerably warmer than all but the warmest parts of the United States. Although I can put up with the cold if I have to, it has been my intention for a long time, particularly after I came here and experienced the bitter cold of Michigan winters, to ultimately find employment in the southeastern United States as soon as I could reasonably do so within the parameters of my career goals.

7. While I've never had any particular state completely in mind, but, rather, would be willing to work almost anywhere in the southeastern United States I could find work, my first choice has always been Florida due to its warm climate and relatively cosmopolitan lifestyle.

8. At the time I filed this petition though, I really didn't know exactly where I would be working as a permanent resident, and I still don't.

9. Nevertheless, my intention was, and is, that I will work in the southeastern United States.

10. When I filed this petition I was employed as an Internist at Henry Ford Hospital in Detroit, Michigan.

11. Nevertheless, I saw no reason to file my petition with the Nebraska Service Center, which I understood to be the service center with jurisdiction over the state of Michigan, simply because while I wasn't absolutely certain where I would work when I became a permanent resident, I knew perfectly well that I would no longer be at Henry Ford Hospital.

12. As I said before, I had experienced the bitterness of the Michigan winters at that point and

knew that I didn't want to stay there any longer than I absolutely had to:

13  Further, I knew that I did not want to remain an internist, the job I had at Henry Ford Hospital. Rather, it was my intention to pursue my long-term goal of specializing in transplantation medicine as soon as I could.

14.  My subsequent career history, I believe, shows the sincerity of my comments.

15.  After filing this petition, I obtained a fellowship, again at Henry Ford Hospital, in Nephrology and Hypertension.

16.  However, in 2004 I moved to Indiana University in Indianapolis, Indiana and pursued a fellowship in transplant Nephrology.

17.  In 2005 I moved again to accept a faculty position in transplant Nephrology at Ohio State University.

18.  In short, when I filed this petition I really had no certain knowledge of exactly where I would work when I became a permanent resident but I intended that it be in the southeastern United States because of the climate there.

19.  This continues to be my intention, and therefore I believe I acted properly in filing this petition with the Texas Service Center.

I declare under penalty of perjury that the foregoing is true and correct.


_____
Uday Sankar Nori, M.D.
DATE: 09/21/2005

## AFFIDAVIT OF THEODORE SHERMAN

Theodore Sherman for his affidavit states as follows:

1.     I was the attorney of record in Uday Nori's form I-140, Case No. SRC0204054594 at the time of the filing and approval of this petition.

2.     I maintain a mailing address at 8409 Pickwick Lane, No. 213, Dallas, Texas 75225.

3.     This location is a "UPS Store" which provides mail forwarding services for its customers. It receives mail addressed to its customers at the location and then forwards it on to their physical locations.

4.     I use this mailing address as a convenience for myself and my clients.

5.     For example, one of the reasons why we established this mailing address was because of the fact that we might change addresses in the future and did not want to have to go through all the trouble of filing new notices of appearances in all of our cases to reflect our new physical address. Rather, it would be much simpler for us merely to change our address with the forwarding service at the mailing address location.

6.     I cannot possibly imagine how anyone could accuse me of attempting to mislead the Texas Service Center by using a mailing address when the law does not provide that the Texas Service Center may have jurisdiction over a petition simply because the attorney has an address within its jurisdiction.

7.     Further, I placed Dr. Nori's address on the form I-140 as in care of my mailing address to make sure that I received all mail intended for Dr. Nori.

8.     Unfortunately, I and other attorneys have had the experience of the CIS sending mail directly to my clients even though I had a notice of appearance on file for them.

9.     Occasionally, this can even lead to papers being misplaced as clients have a tendency to frequently change addresses.

10.     I am not aware of any requirements of the State Bar of Michigan that I register all of my mailing addresses with them.

11.     Rather, the State of Bar of Michigan merely requires that I give it one address to which I wish my mail from the State Bar to be sent.

12.     I am not a member of the State Bar of Texas and therefore there is no reason why the State Bar of Texas should be aware of my mailing address in that state.

I declare under penalty of perjury the foregoing is true and correct.

Theodore Sherman
Attorney at Law
Dated: 9/21/05

FedEx | Ship Manager | Label 7910 1855 6848

From:   Origin ID: (248)680-0600
Deanna Swanson
Michael E. Piston, P.C.
4000 Livernois, Suite 110

Troy, MI 48098

FedEx
Express

E

CLS/02220/18/20

Ship Date: 15JUN06
ActWgt: 1 LB
System#: 4957512/INET2400
Account#: S *********

REF: NORI 2ndI-140NIWAppeal



Delivery Address Bar Code

SHIP TO:   (248)524-1936         BILL SENDER

U.S.C.I.S Texas Service Center

4141 St. Augustine

Dallas, TX 75227

STANDARD OVERNIGHT                    FRI
                                      Deliver By:
TRK#   7910  1855  6848    FORM       16 JUN06
                           0201
                                      DFW      A2

75227      -TX-US

XH GVTA



Shipping Label: Your shipment is complete

1.  Use the 'Print' feature from your browser to send this page to your laser or inkjet printer

2.  Fold the printed page along the horizontal line.

3.  Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide



Google  Gmail  Calendar  more »

BETA  talk

suealexandrowicz@gmail.com | Settings | Help | Sign out

[ Search Mail ]  [ Search the Web ]    Show search opti
Create a filter

**Compose Mail**

**Inbox (1)**
Starred ☆
Chats 💬
Sent Mail
Drafts
All Mail
Spam (4)
Trash

**Contacts**

▼ Quick Contacts

Search, add, or invite

Sue Alexandrowicz
Set status here ▼

Alex Vernon
Michael Piston
Michael Piston
shou
sweta.savadi

▼ Labels

Edit labels

▼ Invite a friend  Show all
Give Gmail to:

[ Send Invite ] 15 left
preview invite

Related Topics: FedEx - UPS - DHL - Parcel Tracking Sponsored Links  [ < ] [ > ] [ Customize ]

« Back to Inbox  [ Archive ]  [ Report Spam ]  [ Delete ]  More actions...

1 of 15  Older ›

## FedEx Shipment 791018556848 Delivered

☆ TrackingUpdates@fedex.com  More options  11:17 am (12 minutes ago)  Inbox

Our records indicate that the following shipment has been de
delivered:

Tracking number:                                      791018556848
Reference:                                            NORI 2ndI-
140NIWAppeal
Ship (P/U) date:                                      Jun 15, 2006
Delivery date:                                        Jun 16, 2006
10:10 AM
Sign for by:
Delivered to:                                         B. THOMAS
Station                                               Guard/Security
Service type:
Overnight                                             FedEx Standard
Packaging type:
Number of pieces:                                     FedEx Envelope
Weight:                                               1
                                                      0.5 LB

Shipper Information
Information                                           Recipient
Deanna Swanson
Service Center                                        U.S.C.I.S Texas
Michael E. Piston, P.C.
4000 Livernois, Suite 110                             4141 St. Augustine
Troy                                                  Dallas
MI                                                    TX
US                                                    US
48098                                                 75227

Special handling/Services:
Deliver Weekday

Please do not respond to this message. This email was
sent from an unattended
mailbox. This report was generated at approximately 10:17
AM  CDT
on 06/16/2006.

To learn more about FedEx Express, please visit our
website at fedex.com.

All weights are estimated.

To track the latest status of your shipment, click on the
tracking number above,

**Compose Mail**

or visit us at fedex.com.

**Inbox (1)**

This tracking update has been sent to you by FedEx on the behalf of the

**Starred** ☆

Requestor noted above. FedEx does not validate the authenticity of the

**Chats** ◯

requestor and does not validate, guarantee or warrant the authenticity of the

**Sent Mail**

request, the requestor's message, or the accuracy of this tracking update.  For

**Drafts**

tracking results and fedex.com's terms of use, go to

**All Mail**

fedex.com.

**Spam (4)**

**Trash**

Thank you for your business.

**Contacts**

▼ Quick Contacts

| Search, add, or invite |

Reply     Reply to all     Forward     Invite TrackingUpdates@fedex.com to Gmail

◉ Sue Alexandrowicz

Set status here  ▼

Alex Vernon

Michael Piston

Michael Piston     « Back to Inbox     [ Archive ]     [ Report Spam ]     [ Delete ]     More actions

shou

sweta savadi                                                                                 1 of 15 Older ›

▼ Labels

Edit labels   Add phone numbers, notes and more for the people in your **Contact list**.

Learn more

▼ Invite a friend  Show all     You are currently using 1 MB (0%) of your 2735 MB.

Give Gmail to:        Gmail view: **standard with chat** | standard without chat | basic HTML  Learn more

Terms of Use - Privacy Policy - Program Policies - Google Home

©2006 Google

[ Send Invite ]  15 left

preview invite

# Case Status Search

*I*

Receipt Number:    SRC0204054594

Application Type:    I140, IMMIGRANT PETITION FOR ALIEN WORKER

Current Status:
Case received from AAO.

On June 3, 2006, the Administrative Appeals Office returned this case. If your case was remanded or your appeal was sustained, we will notify you of our action within 60 days of the date of the AAO decision. If you move while this case is pending, call customer service.

———————————————————————

If you have a question about case status information provided via this site, or if you have not received a decision from USCIS within the current processing time listed, please contact the USCIS Customer Service at (800) 375   5283 or 1-800-767-1833 (TTY).

J

| AAO Processing Times as of January 9, 2007 | | |
|---|---|---|
| | **Case Type** | Time |
| I – 140 EB1(A) | Alien with Extraordinary Ability | 9 Months |
| I –140 EB1(B) | Outstanding Professor or Researcher | Current |
| I – 140 EB1(C) | Multinational Manager or Executive | Current |
| I – 140 EB2 | (D) – National Interest Waiver | 9 Months |
| I – 140 EB3 | (E), (G) – Skilled, Professional, or Other Worker | 15 Months |
| I – 687, 698, 700 | Legalization Applicant; Special Agricultural Worker | 16 Months |
| I – 526 EB5 | Alien Entrepreneur | 10 Months |
| I – 129 L | Nonimmigrant Intracompany Transferee | 9 Months |
| I – 129 H1B | Nonimmigrant Specialty Occupation Worker | 12 Months |
| I – 129 H2, H3 | Temporary Nonimmigrant Worker | Current |
| I – 129 O | Nonimmigrant Extraordinary Ability Worker | Current |
| I – 129 F | Petition for Fiancée | Current |
| I – 129 P1, P2, P3 | Athletes, Artists and Entertainers | Current |
| I – 129Q | Cultural Exchange Visitor | Current |
| I – 360 RW | Petition for Religious Worker | 10 Months |
| I – 360 VAWA | Violence Against Women Act Petition | Current |
| I – 360 J | Special Immigrant Juvenile | Current |
| N – 470 | Application to Preserve Residence | Current |
| N – 565 | Replacement Naturalization/ Citizenship Document | Current |
| N – 600 | Certificate of Citizenship | Current |
| N – 643 | Certificate of Citizenship for Adopted Child | Current |
| I – 600 | Petition for Orphan | Current |
| I – 485 | Cuban Adjustment Certification | Current |
| I – 612 | Application for Waiver | Current |
| I – 821 TPS | Temporary Protected Status | 20 Months |
| I – 212 | Application to Reapply for Admission | 8 Months |
| I – 601 | Application for Waiver of Inadmissibility | 18 Months |
| I – 131 | Application for Travel Document | Current |
| I – 485 | LIFE Act Adjustment Application | 20 Months |
| I – 905 | Application to Issue Cert for Health Care Workers | Current |
| I – 914 | Application for T Nonimmigrant Status | Current |